**Welliver McGUIRE, Inc., Petitioner,**

v.

**WORKERS' COMPENSATION
APPEAL BOARD (PAD-
GETT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2003.
Decided Oct. 22, 2003.

Robert A. Eckenrode, Williamsport, for petitioner.

James T. Rague, Wellsboro, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Welliver McGuire, Inc. (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the petition to review compensation benefits and penalty petition filed by Richard Padgett (Claimant). We reverse and remand in part and affirm in part.

Claimant sustained a work-related injury on February 4, 1998 and commenced receiving temporary total disability at a rate of $449.53 per week. In May 2001, Claimant began receiving pension benefits in the amount of $803.92. In June, Claimant completed LIBC Form 756, Employee's Report of Benefits, which had been sent to him by Employer stating that he started receiving his pension benefits in May. On October 16, 2000, Employer sent Claimant LIBC Form 761, Notice of Workers' Compensation Benefit Offset. The form advised Claimant that his current wage loss benefits of $449.53 per week would be reduced to $211.20 per week effective October 15, 2000. The reduction reflected Employer's assertion of a credit for the full amount of the Claimant's pension benefit of $803.92.

Claimant thereafter filed a review petition alleging that Employer was not entitled to an offset and also filed a penalty petition claiming that Employer unilaterally modified his benefits in violation of the Workers' Compensation Act (Act).[1] Employer filed an answer denying the allegations.

At the WCJ's hearing, the parties stipulated that 46.3% of the money in Claimant's pension plan is the result of contributions made by Employer. The parties also stipulated that although Employer is insured by Travelers Insurance Company (Travelers) for purposes of claimants workers' compensation wage loss indemnity benefits, Employer has a $250,000.00 aggregate deductible for such benefits. As such, the first $250,000.00 of workers' compensation benefits paid to Claimant and other employees is paid directly by Employer. Between February 4, 1998 and June 1, 2000, all workers' compensation benefits paid to Claimant were monies paid by Employer. All benefits after June

1, 2000 were paid by Travelers inasmuch as the $250,000.00 aggregate limit had been exceeded.

Claimant also testified at the hearing that his workers' compensation benefits were reduced four days before being notified by Employer of the reduction. The LIBC Form 761 sent by Employer informing Claimant of the reduction stated that "this form is to provide you with at least 20 calendar days notice of this offset prior to a change in your workers' compensation benefits."

Based on the above, the WCJ granted Claimant's review and penalty petitions. The WCJ concluded that based on this court's recent decision in *Kramer v. Workers' Compensation Appeal Board (Rite Aid Corporation)*, 794 A.2d 953 (Pa. Cmwlth.2002), *petition for allowance of appeal granted*, 573 Pa. 32, 820 A.2d 700 (2003), Employer was not entitled to an offset for pension benefits issued to Claimant because Claimant's workers' compensation benefits were paid by Employer's insurance carrier and not by Employer. On appeal the Board affirmed.

Initially, we observe that the set-off provisions of the Act, set forth in Section 204(a), 77 P.S. § 71(a), provide in pertinent part:

> The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employee shall also be credited against the amount of the award made under section 108 and 306, except for benefits payable under section 306(c).

In *Kramer*, the claimant incurred a work-related injury and received benefits until

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

she returned to work with injury-related restrictions. Thereafter, the employer relocated its facility and the claimant was laid-off and her workers' compensation benefits reinstated. The employer then forwarded the claimant a severance check of approximately $3300.00 which was fully funded by the employer. The employer also sent the claimant a notice of compensation benefits offset informing her that the employer, in accordance with Section 204(a) of the Act, intended to use the $3300.00 severance as a credit against the claimant's workers' compensation benefits. As a result, the claimant did not receive workers' compensation benefits for approximately nine weeks, at which time her benefits were reinstated.

The claimant filed an offset review petition alleging that the employer's offset was unconstitutional and contrary to the Act. The claimant argued that because the employer's insurance carrier, Travelers and not the employer was liable for the payment of the claimant's workers' compensation, the employer could not take a credit for those payments. This court agreed with the claimant.

We observed that the plain language of Section 204(a) of the Act provides that "the severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of the compensation ... which are received by an employee shall also be credited against the amount of the award made...." In interpreting the above, we stated that the plain language dictated that an offset is afforded to an employer only if the employer is directly liable to a claimant for compensa-

tion. Because Travelers was responsible for the payment of the claimant's workers' compensation, and not the employer, we determined that the employer was not entitled to a credit.

█ In this case, Employer argues that, in contrast to the employer in *Kramer*, Employer here was self-insured up to an aggregate of $250,000.00.[2] Between February 4, 1998 and June 1, 2000, Employer, not Travelers, paid workers' compensation benefits directly to Claimant. As such, Employer was directly liable to Claimant as provided in Section 204(a) of the Act. Employer argues that it is entitled to a credit against weekly wage loss benefits for workers' compensation disability benefits paid to Claimant. We agree that Employer is entitled to a credit based on this court's decision in *Hulmes v. Workers' Compensation Appeal Board (Rite Aid Corporation)*, 811 A.2d 1126 (Pa.Cmwlth. 2002).

In *Hulmes*, similar to *Kramer*, the claimant incurred a work-related injury, returned to a light-duty job and then was laid-off when the employer relocated its facility. Employer sent a severance check to the claimant and also reinstated her total disability benefits. However, the employer suspended the claimant's workers' compensation benefits for two months claiming that the Act authorized a credit in the amount of the severance against the disability benefits owed the claimant.

This court observed that in *Kramer*, the employer was not entitled to a credit under Section 204(a) because its insurance company was the party directly responsible for the payment of compensation. In *Hulmes*, however, we determined that the

**2.** Employer also argues that this court should not follow *Kramer* because it is presently on appeal to the Supreme Court and as claimed by Employer, it is likely to be reversed. The

Supreme Court, however, has yet to issue a decision and as such we will follow the holding in *Kramer*.

record did not support the premise that the insurer, not the employer, was liable for the payment of the claimant's workers' compensation benefits. We therefore remanded to the Board for additional fact-finding and stated:

> Should it be determined that the arrangement by which Claimant's workers compensation benefits was, in effect a fully-insured one, then the Board should on the basis of *Kramer*, reverse. If the Board finds that Employer funded the benefits, then the Board may enter an appropriate award.

*Hulmes*, 811 A.2d at 1130.

Here, the parties stipulated that 46.3% of the money in Claimant's pension plan is the result of contributions made by Employer. Additionally, the parties stipulated that Employer was required to exhaust an aggregate $250,000.00 deductible before Travelers assumed liability for workers' compensation benefits and that Employer, not Travelers, directly paid workers' compensation benefits to Claimant from February 4, 1998 to June 1, 2000. As of June 1, 2000, the aggregate deductible of $250,000.00 was met and workers' compensation benefits paid thereafter were paid by money from Travelers.

In accordance with 77 P.S. § 71(a), an injured employee who subsequently receives "benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation" in effect forfeits workers' compensation disability benefits in an amount corresponding to the pension benefits funded by the employer. In this case, Claimant received pension benefits of which 46.3% was funded by Employer and Employer was directly responsible for the payment of Claimant's workers' compensation benefits from February 4, 1998 to June 1, 2000. Accordingly, we must remand this case to the Board for the proper calculation of credit

owed to Employer. Namely, from February 4, 1998 to June 1, 2000, Claimant's monthly wage loss benefits should have been reduced by 46.3% of Claimant's monthly pension.

■ Next, we will address Employer's argument that the WCJ and Board erred in granting Claimant's penalty petition, contending that its violation of the Act was de minimis. We disagree.

In accordance with 34 Pa.Code § 123.4(b), before an employer can offset workers' compensation benefits, the employer must notify the employee "[a]t least 20 days prior to taking the offset." In this case, Employer reduced Claimant's workers compensation benefits four days before Employer even notified Claimant that there would be a reduction.

■ For imposition of penalties to be appropriate against an employer or carrier, a violation of the Act or the rules and regulations must appear on the record. *Farance v. Workers' Compensation Appeal Board (Marino Brothers, Inc.)*, 774 A.2d 785, 789 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 567 Pa. 748, 788 A.2d 380 (2001). Whether to impose penalties against an employer is within the sound discretion of the WCJ. *Id.* Here, there is no dispute that Employer failed to comply with the 20–day notice provision contained in 34 Pa.Code § 123.4(b) and, as such, it was within the discretion of the WCJ to impose penalties.

In accordance with the above, the decision of the Board is reversed and remanded for the Board to determine the credit due Employer. The decision of the Board is affirmed in all other respects.

### ORDER

Now, October 22, 2003, that portion of the Workers' Compensation Appeal Board

decision determining that Employer is not entitled to an off-set is reversed and the case is remanded for the Board to determine the credit due Employer. The decision of the Board is affirmed in all other respects.

Jurisdiction relinquished.