## Zimmerman *against* Briggans.

The entry of the name of a defendant in a judgment is not amendable so as to affect a subsequent incumbrancer or purchaser.

APPEAL from the common pleas of *Dauphin* county.

The real estate of Jacob Briggans was sold by the sheriff, and the money brought into court for appropriation. The first judgment was upon the bond of Jacob Briggans, with a warrant to confess judgment, but the judgment was, by mistake, entered against *John* Briggans. The court (Blythe, President) were asked to amend the entry, by the bond, which they did, but not to the prejudice of the subsequent lien creditors, to whom they decreed the money in court to be paid. Zimmerman appealed from the decree.

*Harris*, for appellant, cited Peddle *v.* Hollingshed, 1 *Johns. Chan.* 265; Black *v.* Wistar, 9 *Serg. & Rawle* 285 ; 4 *Dall.* 268 ; 3 *Cowan* 42, 49.

*Schoch*, contra, cited Bank of Newburg *v.* Seymour, 14 *Johns. Rep.* 219; Sole *v.* Crompton, 1 *Wils.* 61.

PER CURIAM.—Sole *v.* Crompton is in point, that a defendant's name in a judgment, is not amendable to affect a purchaser; and why should it be amendable to affect a subsequent incumbrancer ? The court, however, did amend it, and, in doing so, transcended their legitimate power; but they took care, in making distribution, to give it no effect which it had not originally. It is immaterial that the subsequent creditors were apprized of the blunder when they took their judgments. They were entitled to notice of record ; and as no part of a judgment can rest in parol, they were properly preferred.

Decree affirmed.