## Commonwealth *v.* Cole, Appellant.

Argued January 14, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*I. Leonard Hoffman,* with him *Ettinger, Poserina, Silverman, Dubin, Anapol and Sagot,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, March 20, 1970:

James Cole, indicted for murder and voluntary manslaughter in connection with the homicide of one James Hardy, on July 8, 1968, was found guilty by a jury of voluntary manslaughter. Motions in arrest of judgment and for a new trial were filed and argued.

On March 3, 1969, Judge Bernard KELLEY, of the Court of Common Pleas of Philadelphia County, entered the following order: "And Now, to wit, this 27th day of February, 1969, it is hereby ordered and decreed that defendant's motion for a new trial *and* arrest of judgment is granted." (Emphasis added)

On June 18, 1969—three and one-half months after the original order—Judge KELLEY entered the following order: "And Now, to wit, this 18th day of June, 1969, the order of the Court dated March 3, 1969, is modified and the words 'and arrest of judgment is granted' are deleted so that the order now reads: And Now, to wit, this 3rd day of March, 1969, it is hereby ordered and decreed that defendant's motion for new trial is granted; motion in arrest of judgment is dismissed."

Cole's contentions are several in number: (1) the court below lacked *power* to amend or modify the order of March 3, 1969, in view of the Act of June 1, 1959. (P. L. 342, §1, 12 P.S. §1032), and, therefore, the

appeal is not from an interlocutory order; (2) the Commonwealth, not having appealed from the order of March 3, 1969, is precluded from attacking that order which has now become res judicata; (3) the granting of the motion in arrest of judgment under the March 3 order was a final order, and the reversal of that order on June 18 constitutes an appealable order; (4) the granting of the motion in arrest of judgment under the March 3 order was proper; (5) even though the order below be considered interlocutory in nature, in view of the instant "exceptional" circumstances, the present appeal should lie.

Initially, we consider whether the court below had the *power* to amend the March 3 order. The Act of 1959, *supra,* provides: "In any civil, criminal or equitable proceeding in which the court has heretofore been vested with the power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment or sentence only during the term of court in which the order, decree, judgment or sentence, was entered of record, the court, in addition to such power, jurisdiction and authority, shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, the order, decree, judgment or sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence, in any instance where the term of court shall terminate prior to such thirty day period: Provided, That all parties in interest, including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or rescission. 1959, June 1, P. L. 342, No. 70, §1."

Cole argues that, since the term of court had expired and the thirty-day statutory period had long since lapsed, at the time the court entered its order on June 18, it lacked *any* power to amend or correct the March

3 order. In support of this contention, Cole places great reliance upon *Commonwealth v. Tabb*, 417 Pa. 13, 207 A. 2d 884 (1965). *Tabb* is clearly inapposite. In *Tabb*, after an appeal had been taken to our Court, the court below changed its order granting a motion in arrest of judgment and entered a new order granting a new trial. The holding in *Tabb* was that, since the matter had been removed from the court below by reason of the appeal to our Court, the court below lacked any jurisdiction to change its order.

In the instant case, the order of March 3 was patently erroneous. The grant of a new trial *and* the grant of the motion in arrest of judgment were so clearly antagonistic that even the most casual reading of the order would disclose the irreconcilable nature thereof. To grant a new trial *and* a motion in arrest of judgment simultaneously was contrary to common sense; if the motion in arrest of judgment was proper, Cole could not be tried again whereas, if the new trial was proper, the motion would have to fail. What the court did was simply to correct, by its order of June 18, a mistake which was plain on the face of the order and make the order of March 3 speak the truth. Almost seven decades ago, the United States Supreme Court, speaking in *Gagnon v. United States*, 193 U.S. 451, 456 (1903), said: "The power to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term, is inherent in courts of justice . . . ." See also: *Commonwealth v. Rusic*, 229 Pa. 587, 591, 79 A. 140 (1911) ; *Crew, Levick & Co. v. McCafferty*, 124 Pa. 200, 203, 16 A. 743 (1889) ; *Smith v. Hood*, 25 Pa. 218 (1855) ;[1] *Commonwealth ex rel. Lepera v. Rundle*, 205

---

[1] In *Hood*, the Court noted the difference "between reversing a judgment and correcting a clerical mistake in entering it." (25 Pa. at 220)

Pa. Superior Ct. 251, 253, 208 A. 2d 874 (1965); *Commonwealth ex rel. Perrotta v. Myers,* 203 Pa. Superior Ct. 287, 289, 201 A. 2d 292 (1964); *Commonwealth v. Liscinsky,* 195 Pa. Superior Ct. 183, 185-86, 171 A. 2d 560 (1961). The 1959 statute was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees. As entered, the March 3 order was meaningless, and to contend that such a patent mistake could not be corrected after the term time or the thirty-day statutory limit had expired is to misconstrue the legislative purpose embodied in the 1959 statute. Both before and since the passage of this statute, a court retains its inherent power to correct any patent mistakes in its orders.

The fifth contention of Cole is that the instant case presents "exceptional circumstances" which fall within the categories of "exceptional circumstances" elucidated by this Court in *Commonwealth v. Fudeman,* 396 Pa. 236, 152 A. 2d 428, *cert. den.,* 361 U.S. 902 (1959), and that, in view of such "exceptional circumstances," Cole has the right to appeal even from an interlocutory order.

The order from which the instant appeal stems is the June 18 order which granted a new trial and dismissed the motion in arrest of judgment. This order is clearly a nonfinal, interlocutory order not made appealable by statute. The Commonwealth well states in its brief: "The defendant affected by such an order suffers no prejudice because the potential for an acquittal still exists." What we said in *Commonwealth v. Pollick,* 420 Pa. 61, 215 A. 2d 904 (1966), quoting from *Marsh v. Commonwealth,* 16 S. & R. 319 (1827), sets forth the rationale for the rule: " '[I]t is time enough to permit him [the defendant] to arrest the course of the criminal law, when he has suffered actual injury.' " (420 Pa. at 63) There are present no

294

"exceptional circumstances" justifying the instant appeal.

We have carefully considered Cole's three other contentions and find them to be without merit.

The court below, in its opinion filed under our Rule 63, makes eminently clear that it was the intent and purpose of the court to grant Cole's motion for a new trial but to deny the motion in arrest of judgment. Through an obvious mistake, the order of March 3 granted *both* a new trial and the motion in arrest of judgment. The anomalous nature of this order is manifest.

The order from which Cole has taken this appeal is clearly an interlocutory, nonappealable order. The motion to quash the appeal filed on behalf of the Commonwealth must be granted.

Appeal quashed.

Mr. Justice ROBERTS would quash the appeal as interlocutory since there has not yet been a final judgment rendered in this case and since there are no exceptional circumstances present to justify an early appeal.