**Commonwealth v. Moore**

C.P. of Montgomery County, No. 1234-2005

*Robert Martin Falin*, for Commonwealth.
*Barry Moore*, pro se.

SMYTH, *J.*, July 21, 2014—Defendant Barry Moore has filed a third petition for post-conviction collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, challenging his plea of guilty and judgment of sentence in the above-captioned case. The case has a long and convoluted history, which we will relate here to the extent necessary to illuminate

our decision to grant the petition, in part, and deny it, in part, without a hearing.

We originally sentenced defendant in July 2005 on guilty pleas entered before us in this case as well as in several others docketed at separate numbers. In addition, consolidated before us for sentencing along with the cases in which we had taken pleas were several charges heard by Judge Moore of our court to which defendant had pled guilty or of which he had been found guilty after trial; defendant consented to be sentenced for all the charges at one proceeding before the undersigned. (Guilty Plea Tr. 21-22, July 21, 2005.)

The most significant of *our* cases for purposes of sentencing discussed at the hearing on the guilty pleas were the charge, captioned above, of delivering 12.22 grams of cocaine to a confidential informant, and the charges, captioned at no. 545-05, of, on a prior day, possessing over 19 grams of cocaine for delivery (and also possessing an loaded semi-automatic pistol without a license); on these two drug offenses, the Commonwealth sought mandatory minimum sentences of at least three to six years in prison with possible exposure to five to ten years on each. (Guilty Plea Tr. 11-25.) The Commonwealth discussed, on the record of the guilty pleas before us, applying a third mandatory minimum three-to-six-year sentence to one of the cases heard by Judge Moore, also involving possession with intent to deliver. (Guilty Plea Tr. 12-14, 26-27.)

In a colloquy with his counsel during the guilty pleas before the undersigned, defendant acknowledged his pleas were "open," meaning not negotiated with the Commonwealth and with sentencing to be left up to the

court. (Guilty Plea Tr. 9.) In the same colloquy, defendant acknowledged the three-to-six-year mandatory minima below which the court could not sentence (Guilty Plea Tr. 11) and that, "You also understand the maximum charges I told you in *all* of your cases that you could get and the judge could run those consecutive if he chose." (Guilty Plea Tr. 11:20-24 (emphasis added).) In a follow-up colloquy with the court, defendant answered affirmatively the question, "But you know your maximum exposure, your lawyer explained that to you?" (Guilty Plea Tr. 18:23-19:2) and indicated he understood that though the Judge could not go below the mandatory minimums he could exceed them and sentence up to the maximum (Guilty Plea Tr. 20). After the colloquies of defense counsel and the court, the prosecutor reiterated to defendant,

> [Y]ou understand, Mr. Moore, that what the Judge was trying to explain to you was that these cases could be run concurrent, they could be run consecutive. It will be the Judge's determination whether or not these cases run concurrent or consecutive. . . . *So just in talking with the mandatories, you have three cases — altogether you have three three[-]to[-]six[-]year mandatories and his honor could run those consecutive alone.*

(Guilty Plea Tr. 25:22-26:8 (emphasis added); *see also* Guilty Plea Tr. 26-27.)

At defendant's sentencing hearing the following week, July 26, 2005, we proceeded to sentence defendant both on his guilty pleas before us, and on the prior cases before Judge Moore. We had the benefit of a presentence investigative report prepared for Judge Moore's cases; we also heard the testimony of a Commonwealth's witness,

a police officer familiar with defendant, relating his extensive and sometimes violence-tinged involvement with law enforcement despite his youth. (He was nineteen when committing the crimes at bar.) Defendant declined to exercise his right to allocution, except to disagree with the officer's appraisal of defendant's criminal involvement. Counsel then argued for sentencing leniency in the form of concurrent sentences, while the prosecutor contended for consecutive sentences, maintaining she could have pursued five-to-ten-year mandatory sentences rather than the three-to-six-year sentences actually sought. (Sentencing Tr. 16-21, July 26, 2005.)

Weighing the competing considerations, the court prefaced its sentence as follows:

[A]fter reading the PSI and going over the facts again of these cases, and hearing the arguments, I am not sentencing Barry Moore as though he were a violent person. I'm looking strictly at the drug crimes involved.

As your attorney so aptly noted, Barry Moore is a drug dealer. (Sentencing Tr. 22:13-20.) That said, we considered the serial and serious nature of the drug crimes and that two of the offenses bearing the mandatory minima were committed remorselessly while defendant was out on bail for the previous offense. (Sentencing Tr. 25-26.)

On the drug offenses with mandatory minimum sentences to which defendant had pled guilty before us, we sentenced him in the above-captioned case (No. 1234-05) to the mandatory minimum of three to up to ten years in prison and ran that sentence consecutive to an identical sentence in no. 545-05. We also gave defendant one to

seven years on the charge of possessing an unlicensed firearm at no. 545-05 and one to ten years on the drug charge at no. 2202-04 (the case tried before Judge Moore), as terms of imprisonment fashioned to run concurrently with each other and with the consecutive sentences just mentioned.

We thus pronounced at sentencing our intention to impose an aggregate term of imprisonment of six to twenty years (Sentencing Tr. 24-25:7-8) with commitment on all charges to date from the date of initial incarceration, December 22, 2004. Unfortunately, the sentence on the principal (drug) offense at no. 545-05 came to be transcribed as three to *twenty* years, raising the aggregate prison term to six to *thirty* years, an error the raising and correcting of which we will touch upon shortly.

In addition to the terms of incarceration just discussed, we imposed the following terms of probation: On three other cases that had arisen from open guilty pleas before Judge Moore (Nos. 6107-03, 8516-03, & 389-04), we imposed three consecutive probationary terms of one year, to commence the date of sentencing, July 26, 2005; and on two other charges to which defendant had pled open before us (Nos. 9745-04 & 9748-04), we imposed further probationary terms of one and seven years, respectively, consecutive to each other and to the probations on the Judge Moore cases. (Sentencing Tr. 22-24.) Thus the total length of the consecutive probationary terms was eleven years, starting July 26, 2005.

Defendant did not directly appeal from our original sentencing scheme; instead a year later he filed a petition under the PCRA (his first such petition) collaterally

attacking the pleas in nos. 545-05 and 1234-05 (this case), claiming counsel had promised him he would face only three to six years in prison (contrary to the record we have just reviewed). (Pet. post-conviction collateral relief paras. 4, 7, July 31, 2006.) This court appointed the public defender to represent defendant on his first post-conviction petition in accordance with Pa.R.Crim.P. 904(C). Eventually the public defender moved to withdraw under *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988) (en banc), based on lack of merit to the petition, and we granted counsel's motion to withdraw and entered a final order dismissing the petition. Defendant appealed our order to the Superior Court of Pennsylvania, which vacated our order allowing counsel's withdrawal and denying relief and remanded the case for the filing of an advocate's brief and a hearing on two issues the court had discovered and deemed to be of "arguable merit." *Commonwealth v. Moore (Moore I)*, 964 A.2d 441 (Pa. Super. Ct. 2008) (unpublished table decision). One of the issues found to be of arguable merit was whether defendant's plea on no. 545-05 was invalid as unknowing and involuntary in that he was never informed before entering the plea that he could face a twenty-year maximum term of imprisonment, *Moore I*, no. 2370 EDA 2007, slip op. at 5, which the court found to have been the sentence actually imposed, *id.*, slip op. at 1.

By the time the Superior Court remanded the case, the public defender we had appointed to the case and later allowed to withdraw had left that office, so to fulfill the Superior Court's mandate, we appointed another to file an advocate's brief, and convened the ordered hearing. After considering the testimony presented at the hearing,

including that of defendant's counsel on the plea that he had advised defendant of a twenty-year maximum sentence, we denied relief on the issues identified by the Superior Court, and defendant, this time still represented by the public defender, again appealed to that court.

In our opinion under Pa.R.A.P. 1925, we disposed of the issues raised by the Superior Court's remand, including the claim defendant's plea was invalid because he had not been advised of a twenty-year maximum sentence. However, our opinion also, sua sponte, raised and discussed the possibility that a twenty-year sentence was actually beyond the statutory maximum ten years in prison 35 P.S. § 780-113(f)(1.1) prescribed for the offense to which defendant had pled at no. 545-05, citing *Commonwealth v. Rush*, 959 A.2d 945 (Pa. Super. Ct. 2008), for the proposition that a sentence beyond statutory limits is an illegal sentence that cannot be waived and may be raised at any time. *Commonwealth v. Moore (Moore II)*, nos. 545-05 & 1234-05, slip op. at 4, 9-12 (Pa. C.P. Montg. County Jan. 17, 2010), *aff'd in part, vacated in part*, 22 A.3d 1065 (Pa. Super. Ct. 2010) (unpublished table decision). We suggested that if the Superior Court agreed that the twenty-year maximum sentence was illegal, that court remand the case for resentencing to reflect our original sentencing scheme on all the charges. We did not mention in our opinion, because the record was unclear, the possibility that the sentence we imposed may actually have been two legal three- to ten-year terms of imprisonment for an aggregate term of incarceration of six to twenty years (Sentencing Tr. 24-25:7-8) that was inadvertently wrongly recorded.

The Superior Court in *Moore II* rejected the issue defendant raised on appeal claiming he had not been advised of a possible maximum sentence of twenty years on no. 545-05, so that the aggregate terms of imprisonment of six to thirty years were consequences he had been alerted to before entering his plea and did not render it unknowing and involuntary. However, the court concurred with us, and with a second claim raised the public defender on appeal, that the maximum sentence of twenty years imposed in no. 545-05 had been illegal as beyond the statutory limits. The court therefore remanded the case for resentencing in accordance with our request, noting that resentencing on all the charges, not just the cases on appeal (nos. 545-05 & 1245-05), was within our power.

At a resentencing hearing, we lowered the sentence of imprisonment on no. 545-05 from three to *twenty* to three to *ten* years, and kept it consecutive to a three- to ten-year prison term imposed on no. 1234-05. To preserve our original sentencing scheme, however, we modified the concurrent prison term of one to ten years imposed in no. 2222-04 (a Judge Moore case) to a straight ten years' probation, *consecutive* to the prison terms imposed on nos. 545-05 & 1234-05. We then proceeded to impose the probationary terms totaling eleven years we had originally imposed on the other five other cases stemming from guilty pleas before us or Judge Moore, but ran them *consecutive* to the new probationary term just imposed, stating that this disposition was in accordance with our original sentencing scheme. (Resentencing Tr. 7-8, Dec. 17, 2010.) Thus, the total aggregate reimposed sentence was six to *twenty* years in prison, followed by *twenty-one*

years' consecutive probation, for a total of *forty-one* years' supervision. (Resentencing Tr. 8.) We observed that the six-year aggregate minimum term of confinement was due to expire in about another week. (Resentencing Tr. 6, 8.)

Just as with the original sentencing decision, defendant did not timely appeal the resentencing decision. Instead, he later filed a *second* post-conviction petition, and we appointed counsel not associated with the public defender's office to assist him on it. In that petition, and an amended petition filed by appointed counsel, defendant raised the issue (in nos. 545-05 & 1234-05 only) that counsel on the first post-conviction petition and at resentencing, the Montgomery County Public Defender, had failed to perfect an appeal from the resentencing despite his request. On March 23, 2012, we convened an evidentiary hearing on this issue, at which the parties appeared and agreed that rather than taking testimony upon the issue, the court should simply reinstate defendant's right to appeal from the judgment of sentence imposed at the December 17, 2010, resentencing — although, at that point, we believed that all issues except those pertaining to the resentencing itself had been exhausted in the preceding appeal to the Superior Court, *cf.* 42 Pa.C.S. §§ 9543(a)(3), 9544. We entered an order granting the right to appeal nunc pro tunc, and defendant appealed the resentencing order nunc pro tunc to the Superior Court.

Upon the filing of this appeal nunc pro tunc, we ordered appointed counsel, pursuant to Pa.R.A.P. 1925(b), to file a concise statement of the matters complained of on appeal, incorporating in our order the advice required by Pa.R.A.P. 1925(b)(3)(iv) that any issue not properly included in the

statement would be deemed waived. In compliance with our order counsel filed a 1925(b) statement, raising the sole issue that defendant was entitled to a new trial on the ground that his guilty plea of July 21, 2005, was not entered on a knowing, voluntary, and intelligent basis because he was never advised, on or off the record, that he faced an aggregate maximum sentence of *twenty* years' imprisonment.

We filed an opinion under Pa.R.A.P. 1925 finding defendant was not eligible for relief on this claim because it was previously litigated adversely to him, within the meaning of the PCRA, at the hearing on his *first* post-conviction petition (held pursuant to the Superior Court's *first* remand of that petition) and on appeal to the Superior Court from our subsequent denial of that first petition after the hearing. We observed that the PCRA provides that, "To be eligible for relief under this subchapter [the PCRA], the petitioner must plead and prove by a preponderance of the evidence [*inter alia*] (3) That the allegation of error has not been previously litigated," 42 Pa.C.S. § 9543(a)(3), and that for purposes of the PCRA, "an issue has been previously litigated if: . . . (2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (3) it has been raised and decided in a proceeding collaterally attacking the judgment of sentence." 42 Pa.C.S. § 9544(a)(2)-(3). We wrote that both prongs of the test under the PCRA for previous litigation were satisfied: defendant, through the public defender, had raised the issue of his not having been advised of a twenty-year maximum sentence at the hearing on his *first* post-conviction petition, and again on appeal to the Superior Court (the highest appellate

court to which he had an appeal as of right) from our (second) denial of that petition. Both this lower court and the Superior Court had decided the issue adversely to him in those proceedings. Before the Superior Court remanded the case in accordance with our suggestion for resentencing, the court first finally disposed of the issue defendant now raised in the appeal nunc pro tunc from that resentencing.

In the appeal nunc pro tunc from resentencing, appointed counsel sought the Superior Court's permission to withdraw based on frivolousness of the appeal by filing a motion and brief under *Anders v. California*, 386 U.S. 739 (1967). The Superior Court granted counsel's motion to withdraw, and affirmed the reimposed judgment of sentence. *Commonwealth v. Moore (Moore III)*, 63 A.3d 833 (Pa. Super. Ct. 2012) (unpublished table decision). In the course of rejecting defendant's claim on appeal that his original plea was invalid because he did not know he could face *twenty* years in prison, the court said,

> [D]uring the 2009 appeal [*Moore II*], appellant's maximum incarceration was thirty years and he argued he had not been advised of that possible maximum. Now, his maximum incarceration is twenty years, and he contends he was not advised he faced that much time in prison. These changes, however, cannot be called substantial in the sense of undermining our earlier decision.

> Indeed, if the factual changes have any impact on Appellant's position, they militate against, not in favor, of allowing Appellant to mount a new challenge on the validity of his plea. We rejected as legally and factually

inaccurate his claim that his plea was invalid because he allegedly did not know he could receive thirty years in prison; he now wants to argue the same plea was invalid because he allegedly did not know he could receive twenty. Appellant surely cannot be permitted to complain he did not know his penalty could reach an aggregate of twenty years when we have already decided he knew his penalty could total thirty. Under the law of the case, our 2009 ruling that Appellant's plea was valid because he knew his sentencing exposure was thirty years precludes us from considering the validity of his plea based on an argument that he did not know his penalty could reach twenty years. Consequently, Appellant cannot secure relief on his intended issue regarding the lawfulness of his plea at #545. His intended issue is frivolous.

*Moore III*, No. 1058 EDA 2012, slip op. at 7-8. The court also found frivolous defendant's claim that the plea in no. 1234-05 was invalid because he had never preserved the claim by filing a pre-or post-sentence motion to withdraw the plea. *Id.*, slip op. at 8 & n.2.

Both appellate counsel, in filing an *Anders* brief rather than a *Finley* letter, and the Superior Court appeared to treat *Moore III* as a direct appeal, nunc pro tunc, from resentencing, rather than as an appeal in a second PCRA proceeding. Within a year of the Superior Court's decision in *Moore III*, that is, within the one-year general statute of limitations of the PCRA, 42 Pa.C.S. § 9545(b), beyond the date judgment of sentence becomes final for filing a PCRA petition, defendant filed this, his third such petition, or his first post-resentencing, depending on how

one characterizes it.

In the present post-conviction petition, defendant appears to be raising, in case No. 1234-05 only, a variant of the claims rejected by the Superior Court in *Moore II* and *Moore III*. Thus, he argues that his plea in no. 1234-05 was invalid because he was not informed prior to entering the plea that the probationary sentences imposed in *Judge Moore's* cases could be made to run consecutively to the sentence in this case. (Pet. post-conviction collateral relief para. 7, July 2, 2013.) To get around the Superior Court's finding in *Moore III* that any attack on the validity of the plea in no. 1234-05 was waived, he couples the claim that the plea in no. 1234-05 was invalid with assertions that prior counsel were ineffective for failing to raise it. (Pet. para. 11).

For reasons similar to those cited by the Superior Court in *Moore III* with respect to the plea in no. 545-05, we find frivolous any claim that the plea in no. 1234-05 was unknowing and involuntary because defendant was not advised of the possibility of consecutive sentences in the other cases. The record of the hearing on the guilty plea in no. 1234-05 belies any such claim. (Guilty Plea Tr. 11:20-24, 18:23-19:2, 20, 25:22-26:8, 26-27.) The Superior Court has also found to the contrary. *See Moore II*, no. 1669 EDA 2009, slip op. at 3 & n.6 ("At the guilty plea hearing, plea counsel and the trial court advised appellant of the various charges he was facing, the minimum and maximum sentences associated with each charge, and the possibility that all sentences could be imposed consecutively. . . . The Commonwealth argues that had appellant been sentenced consecutively on all charges, his

aggregate maximum sentence would have exceeded forty years' imprisonment.").

However, just as with the original sentencing proceeding, we have detected substantial, plain errors in the sentences actually imposed at the resentencing proceeding. They cause us to find that some of the probationary sentences were erroneously imposed consecutively to, rather than concurrently with, the terms of imprisonment in nos. 545-05 & 1245-05.

As previously stated, at resentencing, we lowered the illegal sentence of three to twenty years' imprisonment in no. 545-05 erroneously imposed at the original sentencing to three to ten years; however, to effectuate the original sentencing scheme, we then modified the concurrent one- to ten-year prison term imposed in Judge Moore's case in no. 2222-04 to a ten-year term of probation, to run *consecutive* to the prison sentences, so that the original six- to thirty-year aggregate period of supervision imposed on nos. 545-05 & 1245-05 (whether or not that was this court's original intent) would remain essentially intact. The error arose when we then imposed the probationary terms totaling eleven years on the remaining charges in various of Judge Moore's and our cases *consecutively* to, rather than concurrently with, the six- to thirty-year aggregate, and stated that this was also in keeping with our original sentencing scheme. In fact, it was not: At the original sentencing, *none* of the probationary sentences either in the Judge Moore cases or in ours were imposed to run consecutively to the jail terms. We have carefully reviewed the original sentencing transcript as well as all of the sentencing sheets involved and find that all of these

sentences of probation, in Judge Moore's cases (nos. 6107-03, 8516-03, & 389-04) as well as ours (nos. 9745-04 & 9748-04), were made to run *consecutive to each other*, but *concurrent with* the prison terms imposed in nos. 545-05 & 1234-05, and totaled in the aggregate eleven years. of probation, commencing the date of sentencing, July 26, 2005. *Accord Moore I*, no. 2370 EDA 2007, slip op. at 1 n.2 ("Moore received consecutive three[-] to ten[-]year and three[-] to twenty[-]year sentences on the possession charges. *The other punishments were concurrent.*" (emphasis added)).

Obviously all of the probationary terms imposed at the original sentencing, totaling eleven years effective the date of sentencing, would have run out long before the prison terms, whether they were properly calculated as an aggregate six to twenty years or six to thirty years, did. Our finding at resentencing that the probationary terms imposed at the original sentencing ran consecutively to the prison terms to extend the total period of supervision to forty-one years was a patent and obvious misreading of the original sentencing record. Just as with the illegal sentence originally imposed on no. 545-05, no party, only this court, ever raised the sentencing error committed in transcribing the original probationary sentences at resentencing.

The court has the inherent power to correct an illegal sentence at any time; so too the court may correct manifest errors in the calculation or transcription of a sentence that appear on the face of the record. We find our plain misreading of the original sentencing record when resentencing defendant to consecutive terms of probation

the court to be correctable by this court sua sponte, regardless of the fact no party has raised it or the passage of time from the reimposition of sentence.

"The power to amend its records, to correct mistakes of the clerk or other officer of the court [or] inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term, is inherent in courts of justice . . . ." *Commonwealth v. Cole*, 437 Pa. 288, 292, 263 A.2d 339, 341 (1970) (quoting *Gagnon v. United States*, 193 U.S. 451, 456 (1903)).

> The law is clear that a court may modify or rescind any order within 30 days after its entry, if no appeal has been taken. 42 Pa.C.S. § 5505; Pa.R.A.P. 1701(a). Thus, where a Notice of Appeal has been filed, the trial court cannot act further in the matter. However, this rule must be read in conjunction with a court's inherent powers "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." For example, in *Cole* the court held that an order granting both a new trial and a motion in arrest of judgment was patently erroneous as such relief was irreconcilable. This court concluded that the lower court had an inherent power to correct such obvious and patent mistakes beyond the expiration of the thirty-day statutory limit. Thus, under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes.

*Commonwealth v. Klein*, 566 Pa. 396, 400, 781 A.2d 1133, 1134-35 (2001) (unanimous opinion) (citations omitted)

(quoting *Cole*, 437 Pa. at 292, 263 A.2d at 341) (holding a trial court had jurisdiction to correct manifest error in the calculation of sentence notwithstanding a pending appeal), *followed in Commonwealth v. Holmes*, 593 Pa. 601, 604-18, 933 A.2d 57, 58-67 (2007)(plurality opinion) ("Appellant . . . is entitled to the relief granted by the trial court under our case[-]law upholding the inherent jurisdiction of courts to correct patent and obvious mistakes. The trial court imposed a new sentence of incarceration . . . for a violation of probation even though probation was never imposed. While the mistake is not apparent based on the face of the order itself, one need only look to the quarter session notes in the record to see the mistake." (footnote omitted)).

We hereby *order* as follows: The probationary sentences totaling eleven years we imposed consecutively to the prison terms at resentencing in Nos. 6107-03, 8516-03, 389-04, 9745-04, & 9748-04, in erroneous reliance on our original sentencing intent, are hereby *vacated*. The eleven total years of probation on these charges, to be served consecutively to each other but concurrently with the prison sentences imposed on nos. 545-05 & 1234-05, we imposed at the original sentencing on July 26, 2005, to commence effectively that date, are *reinstated*.

After defendant filed the present, third PCRA petition in this matter, the State Correctional Institution at Mahanoy, in a communication received by this court on December 27, 2013, informed the court that defendant had been released from the institution on parole. We have discovered that on July 7, 2014, defendant, previously unbeknownst to us, filed in this court a notice of his new address at 5143

Funston Street, Philadelphia, PA 19139.

We hereby advise defendant, care of this new address, by certified mail, return receipt requested, of the right to appeal this order to the Superior Court of Pennsylvania, within *thirty days* of entry of the order. *See* Pa.R.A.P. 903(a); *see also* Pa.R.Crim.P. 114 (concerning entry and service of court orders); Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."). Should an appeal ensue, either by defendant or by the Commonwealth, this final order shall itself constitute our statement of reasons for the order pursuant to Pa.R.A.P. 1925(a)(1), and the clerk of courts shall forthwith transmit the order, together with the remainder of the record as defined in Pa.R.A.P. 1921, in the manner and within the time frame specified in Pa.R.A.P. 1931.