J-S52001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER W. JACKSON, | |
| Appellant | No. 429 WDA 2011 |

Appeal from the Judgment of Sentence January 19, 2011
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000135-2009

BEFORE:  SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 16, 2015**

Appellant, Christopher W. Jackson, appeals from the judgment of sentence entered on January 19, 2011, in the Greene County Court of Common Pleas.  Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has filed a response to counsel's petition to withdraw.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On July 22, 2009, the trial court accepted Appellant's guilty plea to one count of aggravated assaulted in connection with Appellant striking an employee at SCI Greene while Appellant was incarcerated at that institution

on separate charges. On that same day, July 22, 2009, the trial court imposed a sentence of two and one-half to ten years of imprisonment plus fines, costs, fees, and restitution. On January 19, 2011, the trial court entered an amended order, which was identical to the July 22, 2009 sentencing order, but it eliminated the requirement that Appellant was to pay fines and restitution. This timely appeal followed.

Before we address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted an examination of the record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the

petition to withdraw.  In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**.  It sets forth the history of this case and outlines pertinent case authority.  We thus conclude that the procedural and briefing requirements for withdrawal have been met.

The sole issue on appeal involves the trial court's amendment of Appellant's judgment of sentence.  Appellant's Brief at 9.  In his *pro se* letter responding to counsel's petition to withdraw, Appellant assails the legality of the amended sentencing order and alleges fraud.  Letter, 7/31/15.  However, as pointed out by counsel, Appellant fails to recognize that the amended sentencing order is in his favor and clarifies that Appellant is not required to comply with an errant entry in his initial judgment of sentence that directed the payment of costs, fines, fees, and restitution.

Ordinarily, a court may not modify an order after the passage of thirty days. **See** 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Notwithstanding section 5505, a court retains its inherent power to correct patent mistakes in its orders even after the passage of thirty days. **Commonwealth v. Holmes**, 933 A.2d 57, 64-65 (Pa. 2007) (citing **Commonwealth v. Cole**, 263 A.2d 339 (Pa. 1970)).

Here, there was no indication in the record that any fines or restitution were to be imposed. Yet, the written sentencing order, entered following the trial court's acceptance of Appellant's guilty plea and imposition of a sentence of thirty to 120 months of incarceration, included the following language: "It is further ORDERED that all your costs, fines, fees, and restitution must be paid within fifteen (15) days of today's date." Sentencing Order, 7/22/09. Almost eighteen months later, the trial court, on its own motion, removed the fines, fees, and costs requirement from Appellant's judgment of sentence. Amended Sentencing Order, 1/19/11. Thus, we agree with counsel's summation that the trial court did not impose fines or restitution despite the language in the initial order, the trial court corrected this error in the January 19, 2011 order, the amended order favors

Appellant, and it clearly eliminates any fine or restitution. **_Anders_** Brief at 15.

After review, we conclude that Appellant's challenge to the amended sentencing order is wholly frivolous. The trial court had the authority to correct the mistaken imposition of fines and restitution, and the resulting amended order was in Appellant's favor. Additionally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. **_Commonwealth v. Harden_**, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.[1]

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

---

[1] Counsel surmises that Appellant's actual grievance is with withdrawals from his prison account by the Department of Corrections. Petition to Withdraw/Letter to Appellant, 6/16/15, at 2. To the extent that there may be an issue with deductions from Appellant's prison account, that is, as counsel notes, an administrative matter and one not properly challenged in an appeal from the judgment of sentence. We offer no opinion on deductions from Appellant's account, and our decision today is entered without prejudice to Appellant's ability to pursue an administrative remedy in a proper proceeding.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2015