J-S57030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NORMAN M. WOTHMAN | |
| Appellant | No. 1024 EDA 2016 |

Appeal from the Order dated March 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0203251-2005
CP-51-CR-0203291-2005
CP-51-CR-0203331-2005
CP-51-CR-0203361-2005
CP-51-CR-0308741-2005
CP-51-CR-0308751-2005
CP-51-CR-0309001-2005

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:              **FILED OCTOBER 16, 2017**

Appellant Norman Wothman appeals from the order entered March 18, 2016, which corrected his sentencing forms to reflect an aggregate term of 70 to 140 years' imprisonment. We affirm.

On October 31, 2005, Appellant was convicted by a jury of seven counts of rape by forcible compulsion[1] and related charges.[2] Appellant was

_____

[1] 18 Pa.C.S. § 3121(a)(1). Appellant raped seven different victims between 2002 and 2004.

[2] Appellant was also convicted of seven counts of sexual assault, 18 Pa.C.S. § 3124.1, two counts of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(a)(2), two counts of aggravated assault, 18 Pa.C.S. § 2702(a), five

*(Footnote Continued Next Page)*

sentenced on April 6, 2006, to serve 10 to 20 years' incarceration for each of the rape charges, to be run consecutively, for an aggregate sentence of 70 to 140 years' incarceration. **See** N.T., 4/6/06, at 42-48.[3] Following Appellant's direct appeal in 2010,[4] this Court affirmed Appellant's judgment of sentence, and the Supreme Court thereafter denied review. **See Commonwealth v. Wothman**, No. 1858 EDA 2010 (Pa. Super. Sept. 6, 2012) (unpublished memorandum), **appeal denied**, 63 A.3d 777 (Pa. 2013).[5]

_(Footnote Continued)_ ────────────
counts of simple assault, 18 Pa.C.S. § 2701(a), three counts of possessing an instrument of crime, 18 Pa.C.S. § 907(a), and one count of robbery, 18 Pa.C.S. § 3701(a)(1)(i).

[3] The Court stated "As the sentence of the Court, I believe the incarceration will be 70 to 140 years." N.T., 4/6/06, at 47. Defense Counsel asked Appellant, "[D]o you understand the sentence you have been given, 70 to 140 years?" Appellant responded, "Yeah." **Id.** at 49. Appellant received lesser concurrent sentences or no further penalty on the other charges.

[4] Appellant did not file a direct appeal following his initial sentencing proceeding, but filed a Post-Conviction Relief Act ("PCRA") petition in 2007 requesting that his appellate rights be reinstated _nunc pro tunc_. The petition was denied by the PCRA court in 2008, but, in 2009, following Appellant's appeal of that dismissal, this Court vacated the order of the PCRA court and allowed Appellant to file a direct appeal _nunc pro tunc_.

[5] The basis of Appellant's direct appeal was whether the trial court erred in consolidating seven cases in one trial, whether the court failed to take certain mitigating factors into account when sentencing Appellant, and whether the trial court abused its discretion in running Appellant's sentences consecutively. We noted in our decision that Appellant received a sentence of 10 to 20 years' incarceration on each of the rape charges and that these sentences were to be run consecutively. **See Wothman**, No. 1858 EDA 2010, at 10-11.

On July 21, 2015, the Commonwealth filed a Motion to Correct Patent Errors. In the motion, the Commonwealth stated that it had been notified by an employee of Appellant's prison facility that Appellant's commitment forms incorrectly reflected an aggregate term of 20 to 40 years' incarceration. The Commonwealth attached a copy of the bills of information and commitment forms, which had been generated by the trial court following Appellant's sentencing hearing; the forms indicated that Appellant's second through seventh sentences of 10 to 20 years' imprisonment would run consecutively to Appellant's first 10 to 20 years' prison sentence, but not consecutively to each other. **See** Ex. C. to Mot. To Correct.[6] On March 18, 2016, the trial court granted the motion and issued an order correcting Appellant's sentence "to reflect the . . . sentence as previously imposed by the Court."[7]

Appellant filed an appeal to this Court, presenting one issue: "Did the trial court have authority to modify the judgment of sentence over 9 years after the sentence was imposed when the alleged error the Court was

---

[6] The forms for the second through seventh sentences did not specify that the sentences were to run concurrently to each other, but rather stated that each sentence was to run consecutive to the first sentence; the first sentence stated that it should run concurrently to any sentence "now serving."

[7] Aside from that single order issued that referenced all seven docket numbers, the court issued additional orders modifying the sentence on each of the seven docket numbers and generated new commitment forms for each docket number that reflected the modified sentence.

attempting to modify was not a patent or clerical error?" Appellant's Brief at 2.

The issue on appeal is a legal question, and therefore our scope of review is plenary and the standard of review is *de novo*. ***See Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007) ("[T]he power of courts to correct allegedly illegal sentencing orders . . . is a question of law").

The parties agree that 42 Pa.C.S. § 5505 permits trial courts to modify an order within 30 days of issuance, after which time the court loses jurisdiction to do so.[8] Beyond the thirty-day limitation, a court may only correct errors that are "obvious and patent." ***Commonwealth v. Cole***, 263 A.2d 339, 341 (Pa. 1970); ***see also Holmes***, 933 A.2d at 66 (stating that courts have "the inherent power to correct patent errors despite the absence of traditional jurisdiction").

Appellant asserts that in order for an error to be a patent clerical error, "the legal nature of the order must appear on its face." ***See*** Appellant's Brief at 5 (citing ***Holmes***, 933 A.2d at 66-67, which states "it is the obviousness

---

[8] 42 Pa.C.S. § 5505 states, "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

of the illegality . . . that triggers the court's inherent power").[9] Appellant argues that his sentencing order was not illegal on its face because 20 to 40 years' imprisonment for seven rape charges is a possible legal sentence under the Sentencing Code. *See id.* Likewise, Appellant contends that the "[f]ailure to run sentences consecutive to each other is not an obvious and patent mistake." *See id.*

After a review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable George W. Overton, we conclude that the trial court was correct in finding that it had jurisdiction to correct the obvious errors in Appellant's sentencing forms. *See* Trial Ct. Op., 11/4/16, at 4-8 (citing *Commonwealth v. Thompson*, 106 A.3d 742, 766 (Pa. Super. 2014), *appeal denied*, 134 A.3d 56 (Pa. 2016), which states that "an oral sentence which is on the record, written incorrectly by the clerk of courts, and then corrected by the trial judge, is . . . a clerical error," and concluding that the aggregate sentence on Appellant's commitment forms "constitute[] a clerical error this court can correct because [the forms] clearly were not in accord with the aggregate sentence the Court announced at the sentencing hearing").[10]  Appellant's reliance on the quoted language

_____

[9] In the companion cases in *Holmes*, the trial courts had corrected errors that had resulted in illegal sentences.

[10] We emphasize that the error of the trial court need not result in an otherwise illegal sentence in order to qualify as a patent clerical error; it need only be obvious **on the record** in order for the court to retain

*(Footnote Continued Next Page)*

in **Holmes** is misplaced. Although in the companion cases in **Holmes** the trial courts had corrected errors which had resulted in illegal sentences, **Holmes** also stated that a trial court retains jurisdiction to correct "clear errors in the imposition of sentences that were incompatible with the record." The Court in **Holmes** also noted that in **Commonwealth v. Klein**, 781 A.2d 1133, 1135 (Pa. 2001), the Supreme Court "did not limit the inherent power [to correct] to those errors evident on the face of the order, but rather approved of a trial court's correction of a 'patent defect or mistake **in the record**.'" 933 A.2d at 66-67 (emphasis added by the Court in **Holmes**)).

Thus, we affirm on the basis of the trial court's opinion, and the parties are instructed to attach a copy of the trial court's opinion of November 4, 2016, to any future filing that references this Court's decision.

Order affirmed.

---

*(Footnote Continued)* ————————————

jurisdiction to amend it. **See Commonwealth v. Borrin**, 80 A.3d 1219, 1228 (Pa. 2013) ("a trial court's inherent power of correction encompasses not only those patent and obvious errors that appear on the face of an order, but extends to such errors that emerge **upon consideration of information in the contemporaneous record**" (emphasis added)); **see also Commonwealth v. Walters**, 814 A.2d 253, 256 (Pa. Super. 2002) (examining sentencing transcript and determining that the sentencing order correctly reflected the imposed sentence and therefore did not contain an error that could be corrected after thirty days), **appeal denied**, 831 A.2d 599 (Pa. 2003); **Borrin**, 80 A.3d at 1226-29 (holding that trial court did not have jurisdiction to modify the defendant's sentence to impose consecutive sentences where the transcript of the sentencing hearing was ambiguous on whether the court intended to impose consecutive sentences).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2017