J-A23014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
ANTHONY FAIOLA  :
:
Appellant  :  No. 264 MDA 2021

Appeal from the PCRA Order Entered February 8, 2021
In the Court of Common Pleas of Schuylkill County
Criminal Division at No:  CP-54-CR-0000261-2019

BEFORE:  BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:  **FILED NOVEMBER 04, 2021**

Anthony Faiola (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate and remand so that Appellant shall have an opportunity to appeal *nunc pro tunc*.

On June 14, 2019, a jury convicted Appellant of corruption of minors, indecent assault, and endangering the welfare of a child.[1]  On July 31, 2019, the trial court sentenced Appellant to an aggregate 2½ to 10 years in prison.  On August 29, 2019, the Commonwealth filed a motion to amend the sentencing order due to a clerical error in the original order.  The Commonwealth averred that Appellant's sentence should have been entered

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3126(a)(f), and 4304(a)(1).

as an aggregate 2½ to **5** years in prison, as stated on the record during sentencing. Motion to Amend Sentencing Order, 8/29/19, at ¶¶3-4; **see also** N.T., 7/31/19, at 26 ("So it's 2 and a half to 5 years."). The trial court granted the Commonwealth's motion, and issued an amended sentencing order on September 3, 2019.

Appellant did not file post-sentence motions, but filed a notice of appeal docketed at No. 1502 MDA 2019 on September 16, 2019. The trial court issued a Pa.R.A.P. 1925(b) order on September 17, 2019. However, prior to Appellant filing his Pa.R.A.P. 1925(b) statement, on October 8, 2019, this Court issued a rule to show cause "why the above-captioned appeal should not be quashed as untimely . . . ." Order, 10/8/19. Appellant filed a timely response stating that although he filed his notice of appeal more than 30 days after the original sentencing order, the trial court's "acceptance of Appellant's Notice of Appeal and the issuance of an Order requesting a Concise Statement provided undersigned counsel with the ongoing belief that proceeding with the appeal was sanctioned by the lower court[.]" Response to Order, 10/10/19. This Court, apparently unaware of the amended judgment of sentence, concluded Appellant's response "did not present legal argument to justify this Court's jurisdiction," and in a *per curiam* order, quashed Appellant's appeal as untimely. **See** Order, 10/22/19.

On August 20, 2020, Appellant, through counsel, filed the underlying PCRA petition. The PCRA court held a hearing on November 5, 2020, and

issued an order denying Appellant's petition on February 8, 2021. Appellant timely appealed. He presents a single issue for review:

> Whether the trial court erred in denying Appellant Faiola's Post-Conviction Relief Act Petition for a claim of ineffective assistance of counsel for trial counsel's failure to object to the presence of the jury during the competency hearing of the minor witness/victim?

Appellant's Brief at 5.[2]

Before we address Appellant's substantive claim, we consider the quashal of Appellant's direct appeal. Although the parties do not address the timeliness of the appeal in their briefs, we may consider the issue *sua sponte*. *See Commonwealth v. Khalil*, 806 A.2d 415, 418 (Pa. 2002).

Pennsylvania Rule of Appellate Procedure 903(a) provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Failure to timely file a notice of appeal within 30 days renders an appellate court without jurisdiction to entertain the appeal. *Valley Forge Center v. Rib It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997). Here, the trial court originally imposed Appellant's judgment of sentence on July 31, 2019, but after the Commonwealth notified the court, on August 29, 2019, of the "patent and obvious" clerical error, the court

---

[2] Appellant expressly withdrew "from argument the remaining issues previously presented in his Concise Statement of Matters Complained of on Appeal." Appellant's Brief at 5, n. 1.

corrected the error and issued an amended judgment of sentence on September 3, 2019.[3]

In cases where the trial court amends the judgment of sentence, the direct appeal lies from the amended judgment of sentence – not the prior erroneous sentence. *Commonwealth v. Wenzel*, 248 A.3d 540, 545 (Pa. Super. 2021). Appellant did not file post-sentence motions, but rather, a notice of appeal. That appeal – filed on September 16, 2019 and 13 days after the trial court issued its amended judgment of sentence – was timely. Thus, Appellant was adversely impacted by a breakdown in the court process.[4]

For the above reasons, we vacate the PCRA court order dismissing Appellant's petition and remand to the PCRA court for further proceedings consistent with this memorandum. On remand, the PCRA court shall enter an order: (1) reinstating Appellant's direct appeal rights; and (2) dismissing Appellant's PCRA petition without prejudice to Appellant to re-file his direct

_____

[3] Although a trial court is divested of jurisdiction 30 days after the entry of an order, in limited circumstances, such as this, the court retains authority to correct patent and obvious mistakes in the record. *See Commonwealth v. Cole*, 263 A.2d 339, 341 (Pa. 1970) (holding trial court has inherent, common-law authority to correct "clear clerical errors" beyond the 30-day limit set forth in 42 Pa.C.S.A. § 5505).

[4] The Pennsylvania Constitution affords convicted defendants one substantive appeal. *See* PA. CONST. Art. V, § 9 ("There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.").

appeal *nunc pro tunc*. ***See Commonwealth v. Stock***, 679 A.2d 760, 764 (Pa. 1996). ("an appeal *nunc pro tunc* is intended to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.").[5]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/04/2021

---

[5] Since we are reinstating Appellant's direct appeal rights, his issue regarding effectiveness of trial counsel is moot. ***See Commonwealth v. Miranda***, 442 A.2d 1133, 1140 (Pa. Super. 1982) (*en banc*).