# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas E. Bold, Jr. | : | |
| | : | |
| v. | : | No. 784 C.D. 2020 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

**PER CURIAM**

## <u>CORRECTING ORDER</u>

AND NOW, this 8th day of June, 2023, the Opinion in the above-captioned matter, filed on November 21, 2022, is corrected[1] as follows:

---

[1] As the Pennsylvania Supreme Court has explained:

> The law is clear that a court may modify or rescind any order within 30 days after its entry, if no appeal has been taken. [Section 5505 of the Judicial Code,] 42 Pa. C.S. §5505; Pa.R.A.P. 1701(a). Thus, where a Notice of Appeal has been filed, the trial court cannot act further in the matter. However, this rule must be read in conjunction with a court's inherent powers "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." *Commonwealth v. Cole*, [263 A.2d 339, 341 (Pa. 1970)]; *see also Commonwealth v. Rohrer*, 719 A.2d 1078, 1080 (Pa. Super. 1998); *Commonwealth v. Quinlan*, [639 A.2d 1235, 1239 (Pa. Super. 1994)]. For example, in *Cole* the court held that an order granting both a new trial and a motion in arrest of judgment was patently erroneous as such relief was irreconcilable. This [C]ourt concluded that the lower court had an inherent power to correct such obvious and patent mistakes beyond the expiration of the thirty-day statutory limit. *Cole*, 263 A.2d at 341. Thus, under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes.

*Commonwealth v. Klein*, 781 A.2d 1133, 1135 (Pa. 2001).

1. Page 13 of the Majority Opinion is amended to reflect the deletion of "Judge McCullough dissents." and "Judge Fizzano Cannon dissents."

2. Page 12 of the Dissenting Opinion is amended to reflect the addition of "Judge McCullough and Judge Fizzano Cannon join in the dissent."