603 A.2d 295

BOARD OF SUPERVISORS OF CHARTIERS
TOWNSHIP, Appellant,

v.

Robert J. QUARTURE and Louise Quarture, his wife,
Victor Dosse, individually and t/d/b/a Victor
Dosse Contracting, Inc., Appellees.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 1991.

Decided Feb. 3, 1992.

James P. Liekar, for appellant.

Phillip J. Binotto, Jr. and Jana L. Phillis, for appellees.

Before CRAIG, President Judge, DOYLE, J. (P.), and SILVESTRI, Senior Judge.

DOYLE, Judge.

The Board of Supervisors of Chartiers Township (Board) appeals an order of the Court of Common Pleas of Washington County, entered on February 6, 1991, which clarified its prior decision and order of January 19, 1990.

The relevant facts are as follows: Robert J. Quarture and Louise Quarture are the owners of 23.678 acres of land located in Chartiers Township (Township). Pursuant to a lease agreement dated May 11, 1988, the Quartures entered into an agreement with Victor Dosse Contracting (Dosse) to strip mine the property in question. On July 22, 1988, Dosse and the Quartures applied for a permit to strip mine the property, in accordance with the rules, regulations and practices followed for the issuance of such permits in the Township.[1]

On July 28, 1988 the Board voted to grant a permit to Dosse and the Quartures to strip mine approximately six acres of the property. On August 24, 1988 a public meeting

---

1. According to a brief filed by the Township in support of its preliminary objection to the complaint, strip mining is not a use permitted in any district in the Township. Because strip mining is not permitted by Township ordinance or regulation, the Board addresses the issue on a case by case method. The procedure followed consists of holding public hearings to collect Township residents' comments and, if appropriate, issue a permit to strip mine subject to conditions imposed by the Board.

was held and an agreement was reached concerning the conditions to be attached to the permit.[2] On August 30, 1988, counsel for Dosse and the Quartures sent a letter to the Board summarizing the conditions to the strip mining permit which were agreed upon by Dosse at the August 24th meeting. The letter, in pertinent part, provides as follows:

The conditions discussed and agreed upon to date are as follows:

. . . .

6. Mr. Dosse agrees that he will not strip mine closer than 300 feet *from any property line* without first obtaining written permission from the property owner. (Emphasis added).

No additional hearings were scheduled despite repeated requests by Dosse and the Quartures. By letter dated December 5, 1988, counsel for Dosse and the Quartures requested that the Board issue the strip mining permit to Dosse within ten (10) days. This letter further provided that "[w]e have no objection to your attaching to said permit the agreed upon conditions which are set forth in my letter of August 30, 1988." The letter of August 30th was attached to the December 5th letter.

On January 23, 1989 a special meeting of the Board was held at which meeting the Board recommended that the matter be referred to the Planning Commission. Drawings and plans were to be submitted to the Planning Commission for review and after their approval, the Board would act on the Planning Commission recommendation.[3]

2. The minutes of the regular meeting of the Board on August 24, 1988 reflect the following: "[Counsel for Dosse] said that Dosse obtained approval for the permit with conditions and has agreed to the following:

. . . .

6. Will not strip closer than 300 feet of homes without owner's permission."

3. The minutes of this special meeting contain conflicting recitations of the agreement between the Board and Dosse. A Board member read the list of conditions offered by Dosse from the minutes of the August

Thereafter, Dosse and the Quartures filed a complaint in mandamus in the Court of Common Pleas of Washington County requesting that the court enter an order compelling the Board to issue to them the appropriate strip mining permit. Attached to the complaint as an exhibit was the letter of August 30, 1988. On January 19, 1990, the common pleas court issued its decision and order which contained the following pertinent conclusions of law:

1. This Court finds that the Defendants on July 28, by resolution of the Board of Supervisors of Chartiers Township, granted a permit to the Plaintiffs to strip mine the subject property subject to Plaintiff, Dosse's compliance with certain agreed upon conditions.

2. At a public hearing held on August 24, 1988, certain conditions were agreed upon by the parties. Said conditions are duly summarized in the August 30, 1988 letter from Plaintiff's counsel to Defendant's counsel. (Exhibit "G") [i.e., not to mine within 300 feet of any property line.]

. . . .

6. At the hearing in this matter, Plaintiffs expressed a continued willingness to agree to the conditions set forth in the August 30, 1988 letter. (Exhibit "G")

The common pleas court then entered an order directing the Board to issue to Dosse and the Quartures a permit to strip mine subject to the conditions set forth in the August 30, 1988 letter.

On October 26, 1990, Dosse and the Quartures filed a petition to clarify the decision and order of the court alleging that "[t]he reference in the [August 30, 1988] letter to strip mining Three hundred (300) feet from a property line was in error and does not accurately reflect what was reported at the public meeting." On February 6, 1991 the

24th meeting which provides that Dosse will not strip mine closer than three hundred (300) feet *from homes* without the owner's permission. Later in the meeting, counsel for Dosse read a list of conditions agreed to by Dosse, one of which is that strip mining will not be conducted closer than three hundred (300) feet *from any property line* without first obtaining written permission from the property owner.

common pleas court entered an order which granted the petition and clarified its order of January 19, 1990 to indicate that they may not strip closer than 300 feet of any building or structure rather than 300 feet of any property line, the restriction that was in the letter of August 30th. This appeal followed.[4]

The sole issue on appeal is whether the common pleas court had jurisdiction to issue its order of February 6, 1991 which modified the order of January 19, 1990.

Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, entitled Modification of orders, provides as follows:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

Dosse and the Quartures assert that a court has inherent power, beyond this thirty day period, to correct a patent or obvious clerical mistake. They argue that, by its order entered on February 6, 1991, the common pleas court simply corrected an obvious clerical mistake contained in the letter of August 30, 1988 and incorporated into the order of January 19, 1990.

We begin our analysis by reviewing cases in which the trial court has been permitted to amend its order to correct a patent error. In *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970), the Court of Common Pleas of Philadelphia County issued an order granting defendant's motion for a new trial *and* arrest of judgment. Three and one half months later the judge entered an order modifying the

---

**4.** In their brief, Dosse and the Quartures allege that "the issues in this case may very well be moot in that all abutting landowners to the surface mining activities have consented to and signed variances permitting surface mining immediately adjacent to their property lines. The fact that [Dosse and the Quartures have] obtained signed variances is well known to the [Board]." Counsel for the Board has advised the Court that some, but not all, landowners have signed variances. We therefore conclude that the issue is not moot and proceed to the merits of the case.

original order to read: "[M]otion for new trial is granted; motion in arrest of judgment is dismissed." On appeal, our Supreme Court stated that the common pleas court was simply correcting a mistake which was plain on the face of the order.

Similarly, in *Great American Credit Corp. v. Thomas Mini–Markets, Inc.*, 230 Pa. Superior Ct. 210, 326 A.2d 517 (1974), a common pleas court was permitted to vacate more than thirty days after the close of the term, an order granting summary judgment, where a letter requesting an extension of time within which to answer the motion for summary judgment was inadvertently mislaid in transmission through the court process.

Finally, in *DeMarco v. Borough of East McKeesport*, 125 Pa. Commonwealth Ct. 13, 556 A.2d 977 (1989), the common pleas court, upon the motion of one of four defendants, ordered entry of judgment in favor of that defendant. The prothonotary then entered judgments in favor of all defendants, three of which never formally adopted or joined the first defendant's motion. On appeal, this Court held, *inter alia,* that the prothonotary's failure to follow the court's order in its entirety constituted patent error.

In contrast, the common pleas court was not permitted to amend its order in *Municipal Council of the Municipality of Monroeville v. Kluko*, 102 Pa. Commonwealth Ct. 49, 517 A.2d 223 (1986). In that case, the Court of Common Pleas of Allegheny County issued an order on January 11, 1982 directing that the appellants in the action before it, members of the Planning Commission, pay their own legal fees and expenses. On February 22, 1982 the appellants filed a petition for counsel fees and by order dated May 24, 1982 the common pleas court directed the municipality to pay counsel fees and costs incurred by the appellants. On appeal, the members of the Planning Commission argued, *inter alia,* that the common pleas court merely corrected an inadvertent error in its January order when it entered the May order. This Court held that even if the January order were entered inadvertently or by mistake, the common

pleas court lacked jurisdiction to enter its May 24th order. The Court then vacated the order of May 24, 1982.

From our review we thus conclude that the cases reflect a rule that where the error was either evident on the face of the order or was caused by an officer of the court, and hence was a breakdown in the administration of the court itself, the common pleas court was permitted to amend its order beyond the statutory period. In the instant case, the error was contained in a letter drafted by counsel for Dosse and the Quartures and submitted to the common pleas court as an exhibit. We hold, therefore, that the error in the letter is not of the type which would permit the court to modify its order beyond the period specified in Section 5505 of the Judicial Code.[5]

We next consider Dosse and the Quartures' argument that the court retained power to modify its order due to equitable demands. In a recently filed case, *Department of Transportation, Bureau of Driver Licensing v. Axsom*, 143 Pa. Commonwealth Ct. 99, 598 A.2d 616 (1991), we summarized the principles attendant to a court's power to modify an order beyond the statutory period:

> It is well settled that courts of this Commonwealth possess inherent power to act where equity so demands. *Great American Credit Corp. v. Thomas Mini–Markets, Inc.*, 230 Pa. Superior Ct. 210, 326 A.2d 517 (1974). In such situations, the power of the court to open and set aside its judgments may extend beyond the expiration of the appeal period. *Id.* The discretionary power of the

5. We are cognizant of the following statement in *Commonwealth v. Cole*, 437 Pa. at 292, 263 A.2d at 341: "The power to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term, is inherent in courts of justice" (quoting *Gagnon v. United States*, 193 U.S. 451, 24 S.Ct. 510, 48 L.Ed. 745 (1904)). Our research has discovered no case where an inadvertency of counsel was held to be sufficient cause to enable a court to modify its order beyond the statutory period. *But see, Estate of Gasbarini v. Medical Center of Beaver County, Inc.*, 487 Pa. 266, 409 A.2d 343 (1979) (equitable considerations required opening of judgment where attorney representing appellant had been suspended from the practice of law prior to hearing at which appellant's complaint was dismissed).

court over such judgments is, however, very limited. *Simpson v. Allstate Insurance Co.*, 350 Pa. Superior Ct. 239, 504 A.2d 335 (1986). Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstances "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court." *Id.*, 350 Pa.Superior Ct. at 245, 504 A.2d at 337. Such circumstances have customarily entailed an oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period. *DeMarco v. Borough of East McKeesport*, 125 Pa. Commonwealth Ct. 13, 556 A.2d 977 (1989).

*Axsom*, 143 Pa. Commonwealth Ct. at 104, 598 A.2d at 619. In *Axsom*, we held that the common pleas court's admitted misperception of the facts in the case and its subsequent reliance on that misperception did not constitute "extraordinary cause" so as to justify an extension of the time limitation in Section 5505. In the case before us, the common pleas court relied upon a letter containing a recitation of a condition and incorporated this letter into its order. We hold that the facts of this case do not establish a circumstance so grave or compelling as to constitute extraordinary cause.

Accordingly, we vacate the order of the Court of Common Pleas of Washington County entered February 6, 1991 and reinstate the order of the Court of Common Pleas of Washington County entered on January 19, 1990.

## ORDER

NOW, February 3, 1992, the order of the Court of Common Pleas of Washington County in the above-captioned matter entered on February 6, 1991 is hereby vacated and the order entered on January 19, 1990 is thereby automatically reinstated by that vacation.