# Clayton v. City of Philadelphia

*Michael W. Mulvey,* for plaintiff.
*Martin G. Malloy,* for defendant.

DYCH, *J.,* September 8, 2005—Defendant appeals from my April 21, 2005 orders that denied its petition to open judgment and its petition to set aside writ of execution.

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case are straightforward and not in dispute. Plaintiff Herbert Clayton was permanently injured while working as a police officer for the City of Philadelphia. Thereafter, he filed for workers' compensation benefits and for disability pension. He was awarded disability pension by the Board of Pensions in September of 2000, and has received pension benefits in the amount of $2,362.21 per month as of January 1998. He was also awarded workers' compensation benefits in a decision by Workers' Compensation Judge Gilbert on February 28, 2001. The city did not appeal Judge Gilbert's decision.

When the city failed to pay benefits consistent with Judge Gilbert's decision, plaintiff filed a reinstatement and penalty petition to enforce the workers' compensation award. On June 30, 2004, Workers' Compensation Judge Lincicome awarded Clayton $2,168 per month in workers' compensation benefits, and rejected the city's argument that it was entitled to an offset or credit for the disability payments since the city failed to file a *Notice of Offset.*[1] The judge further ordered the city to pay all

---

1. In summary, Judge Lincicome found that: (1) Clayton is entitled to workers' compensation benefits; (2) the city would be entitled to an offset taken by the pension fund for the amount of workers' compen-

past-due workers' compensation benefits with interest. The city then appealed Judge Lincicome's decision, but was denied supersedeas pending appeal by the Workers' Compensation Appeal Board on August 16, 2004. Nevertheless, the city declined to pay Clayton the retroactive benefits (January 1998—August 2004) awarded to him in Judge Lincicome's decision.

On January 5, 2005, plaintiff filed a certified judgment against the city and attached the City of Philadelphia's General Fund in the amount of $307,136.84, which represents the amount due and owing to plaintiff under Judge Lincicome's order. Defendant then filed the instant petition to open judgment and dissolve attachment and petition to set aside writ of execution, which were both denied by this court on April 21, 2005.

---

sation benefits and attorney's fees credits; but, (3) the city never submitted any documentation to the Pension Board advising them of applicable setoffs or credits; and, therefore, (4) the city is not entitled to an offset of workers' compensation benefits for pension benefits received. See decision and order of Judge Francine Lincicome, WCJ, Bureau Claim no. 2288192, June 29, 2004; see also, *Welliver McGuire Inc. v. Workers' Compensation Appeal Board (Padgett),* 834 A.2d 668, 671 (Pa. Commw. 2003) (stating that pursuant to 34 Pa. Code §123.4(b), before an employer can offset workers' compensation benefits, the employer must notify the employee at least 20 days prior to taking the offset).

The city then filed a *Notice of Offset* on July 9, 2004, giving notice to the plaintiff that the city intended to offset the workers' compensation benefits by the amount of pension benefits received. The city petitioned Judge Lincicome to review the benefit offset notice taken by the city on July 9, 2004, but orally withdrew the petition in front of Judge Lincicome. Judge Lincicome then issued a formal order dismissing the petition on December 17, 2004.

## LEGAL DISCUSSION

The city seeks relief from the fruits of its own failure to diligently protect its interests in the workers' compensation forum. The instant petitions are but a subterfuge. What the city really seeks is a set aside of a lawful denial of supersedeas by the Workers' Compensation Appeal Board and a judgment clearly authorized by the Pennsylvania Workers' Compensation Act, 77 P.S. §1 et seq. (2005). I lack jurisdiction to do either.

An employer may not withhold any payment of workers' compensation benefits before supersedeas has been granted. See *Horner v. C.S. Myers and Sons Inc.,* 721 A.2d 394 (Pa. Commw. 1998). By denying supersedeas, the Workers' Compensation Appeal Board ruled that Clayton is entitled to all past-due workers' compensation benefits with interest, immediately, or until such a date as the city's appeal is granted. See *id.* Section 428 of the Workers' Compensation Act, 77 P.S. §921, states, "the prothonotary shall enter the *entire balance payable* under the agreement award or order to be payable to the employee or his dependents, as a judgment against the employer or insured liable under such agreement or award." (emphasis added) Here, Clayton filed a certified judgment against the city for the entire balance payable under Judge Lincicome's decision. Clayton is entitled to execute on said judgment.

The city mischaracterizes the posture of this case as akin to a petition to open default judgment.[2] See defen-

---

2. A default judgment may be opened when the moving party: (1) promptly filed a petition to open; (2) has shown a meritorious defense; and (3) has provided a reasonable excuse for the failure to file a

dant's petition to open judgment, memorandum of law, pp. 3-5. Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstances "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court." *Board of Supervisors v. Quarture,* 145 Pa. Commw. 377, 384, 603 A.2d 295, 298 (1992), quoting *Simpson v. Allstate Insurance Co.,* 350 Pa. Super. 239, 245, 504 A.2d 335, 337 (1986). No such circumstances are alleged in this case.

Nevertheless, the city argues that the judgment should be opened because it has a meritorious defense; namely, that Judge Lincicome erred in finding that the city was not entitled to an offset of Clayton's pension benefits. However, the meritorious defense that the city alleges herein was fully adjudicated in front of Judge Gilbert and Judge Lincicome, and is at issue in their pending appeal. Their attempt to collaterally attack the decisions rendered in the underlying workers' compensation matter is flawed, because a re-examination of the decisions rendered in the underlying dispute is beyond the jurisdiction of this court.[3]

_____

responsive pleading. See *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 477 A.2d 471 (1984).

3. It is well established that a judgment rendered by a court having jurisdiction of parties and subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity or binding effect, by parties or privies, in any collateral action or proceeding. *Mangold v. Neuman,* 371 Pa. 496, 91 A.2d 904 (1952); *Commonwealth Department of Revenue v. City of Philadelphia,* 5 Pa. Commw. 358, 290 A.2d 734 (1972); *Policino v. Ehrlich,* 236 Pa. Super. 19, 345 A.2d 224 (1975), *rev'd,* 478 Pa. 5, 385 A.2d 968 (1978).

The city also moves to open judgment for plaintiff's failure to properly notify the city of the certified judgment and praecipe to issue writ. The record reflects that after filing the certified judgment, plaintiff notified the city through the solicitor's office. The city does not contend that it did not receive actual notice of the judgment and writ. After receiving notice, the city responded expeditiously; the instant petitions were filed within 25 days of the docketing of the certified judgment and within 10 days of the writ. The city suffered no prejudice, as their petitions were considered prompt by this court.

The city also argues that it is entitled to relief under Pa.R.C.P. 3121, which states that "a writ of execution may be set aside upon any legal or equitable ground therefore." However, the city wrongly suggests that under Rule 3121, this court may substitute its judgment for that of Judge Lincicome and the Workers' Compensation Appeal Board. Judge Lincicome ordered the city to make certain payments outlined above. Supersedeas was denied. Thus, there is no legal or equitable basis to set aside the writ of execution.

Next, the city argues that the pension fund is exempt from attachment under section 22-1303(1) of the City of Philadelphia Public Employees Retirement Code. However, plaintiff's attachment is taken against the city's general fund and not the pension fund. The city also contends that the pension fund is the rightful payee of the judgment lien. However, WCJ Lincicome's order states that Clayton is entitled to the full workers' compensation benefits, and that the city is not entitled to an offset.

In summary, Judge Lincicome ordered the city to pay Clayton all past-due workers' compensation benefits with interest. The city appealed Judge Lincicome's decision,

but was denied supersedeas. The denial of supersedas means that Clayton is entitled to execute on the judgment while the city's appeal is pending. There is no legal or equitable basis to open judgment or set aside the writ of execution. Therefore, this court properly denied defendant's petition to open judgment and its petition to set aside writ of execution.