# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Falls Community Association, Inc.  :
                                     :
           v.                   :    No. 1884 C.D. 2017
                                     :    Argued: September 18, 2018
Jorge Coelho,                  :
               Appellant    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                   HONORABLE ROBERT SIMPSON, Judge (P)
                   HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: October 11, 2018**

This appeal involves the authority of a trial court to clarify a final order after more than 30 days, and the impact of clarification orders on our jurisdiction. The Court of Common Pleas of Pike County (trial court) issued an order denying Jorge Coelho's (Debtor) petition to set aside a sheriff's sale of his property to Falls Community Association, Inc. (Purchaser). Neither party appealed this order within 30 days. Instead, both parties subsequently requested clarification as to the effect of the sale on the mortgage debt. Months later, the trial court issued two orders purporting to incorporate its final order and confirming the parties' liabilities concerning the mortgage as a result of the sale. Debtor timely appealed only the second clarifying order, challenging the trial court's decision on the merits. Because the trial court lacked authority to issue its clarifying orders, and we discern no extraordinary circumstances warranting acceptance of an untimely appeal as to the final order, we lack subject matter jurisdiction. Accordingly, we quash the appeal.

# I. Background

Purchaser, a nonprofit corporation, maintains common facilities in the planned community known as The Falls at Saw Creek in Pike County, Pennsylvania. Debtor owned property in the community, located at 140 English Court, Bushkill, Pennsylvania (Property). As a community association under the Uniform Planned Community Act, 68 Pa. C.S. §§5101-5114, Purchaser had authority to impose assessments and to recover fees and costs associated with their collection.

Since 2005, Debtor resided at the Property. As an owner, Debtor was a member of the community association required to pay assessments. However, Debtor became delinquent in his payments to Purchaser.

Purchaser initiated a collection action against Debtor, seeking payment of unpaid assessments, related interest and attorney fees. Debtor filed a counterclaim. After discovery, the matter was presented to an arbitration panel, which ruled in Purchaser's favor in the amount of $16,491.50. Neither party appealed.

After entering the award as a judgment against Debtor, Purchaser filed a writ of execution on the judgment in March 2016. The Prothonotary issued the writ and directed levy on the Property. The sheriff then listed the Property for sale.

The notice of sheriff's sale did not contain any special conditions. After a number of continuances, the sale occurred on September 21, 2016. Purchaser was the sole bidder, purchasing the Property for sheriff's costs, ($1,329.19). The Property remained subject to a mortgage now serviced by Ditech Financial, LLC (Bank).

In October 2016, Debtor filed a motion to set aside the sheriff's sale (Motion). He contended the negative equity in the Property precluded Purchaser from realizing the amount of the judgment against him. He also argued Purchaser could not take possession of the Property until after it satisfied the mortgage debt. The trial court stayed delivery of the deed and held a hearing on the Motion.

At the hearing, Debtor testified about the purchase price ($132,000) and the amount of the debt secured by the mortgage (approximately $84,000). Reproduced Record (R.R.) at 289a-90a. Other than himself, he presented no witnesses as to value of the Property. Debtor testified that other comparable properties in the community were listed for sale as low as $27,000, and as high as $63,000. Id. at 291a.

By order dated February 7, 2017, the trial court denied Debtor's Motion (Merits Order), thereby allowing delivery of the deed. The sheriff recorded the deed the following week. Original Record (O.R.) at 80. Instead of appealing the Merits Order, Debtor filed a petition for clarification inquiring whether Purchaser needed to pay the mortgage debt in full or meet other conditions before taking possession. He asserted Purchaser could not take possession without satisfying the mortgage or becoming the sole mortgagor. Purchaser answered Debtor's petition, objecting to the necessity for clarification and arguing that satisfying the mortgage was not a precondition to possession. During the 30 days it maintained jurisdiction, the trial court issued an order listing the clarification petition for argument.[1] O.R. at 82. Relevant here, the trial court did not indicate it was reconsidering the Merits Order.

---

[1] Prior to the hearing on the petition for clarification, Debtor was denied access to the Property, prompting a petition for special injunction to permit his entry. Purchaser also filed an action in ejectment against Debtor. The parties agreed to permit Debtor's entry until the pending litigation (petition to set aside and action in ejectment) resolved.

The trial court subsequently clarified the Merits Order on June 6, 2017 (First Clarification). The First Clarification incorporated the Merits Order "in its entirety" and added an explanation regarding the status of the mortgage. O.R. at 88. As to Debtor's inquiry regarding whether Purchaser was required to pay the first mortgage debt, the trial court answered yes, because it took the Property subject to the mortgage. However, the trial court explained Purchaser did not need to satisfy the mortgage or take additional steps to assume the mortgage prior to taking possession of the Property.

Within 30 days, Purchaser sought clarification of the First Clarification because the trial court's explanation indicated Purchaser assumed the mortgage, as though Purchaser was the sole mortgagor. Purchaser advised that the Bank believed Purchaser was solely liable for the mortgage based on the First Clarification. Purchaser asked the trial court to confirm that Debtor remained liable for the mortgage, *in personam*, based on the mortgage note. Notably, the trial court took no action within 30 days of the First Clarification.

Months after the appeal period on the Merits Order lapsed, on August 11, 2017, the trial court issued a second clarification incorporating the First Clarification "in its entirety." O.R. at 90 (Second Clarification). It explained that Purchaser was liable "*in rem* for nonpayment of the mortgage," whereas "[Debtor] [was] liable *in personam*." Id.

Within 30 days of the Second Clarification, Debtor filed a notice of appeal in the Superior Court. The Superior Court transferred the appeal to this Court

4

based on Purchaser's status as a nonprofit corporation. In their briefs, the parties addressed only the validity and effect of the sheriff's sale under the Merits Order. Ascertaining a question as to whether the trial court had the authority to issue the First Clarification or the Second Clarification (collectively, Clarification Orders), this Court directed the parties to address "the appealability of the trial court's filings" during oral argument. See Cmwlth. Ct. Order, 8/30/18 (per curiam).

After argument, this matter is ready for disposition.

## II. Discussion

Debtor argues the trial court abused its discretion in denying his Motion based on inadequacy of the purchase price. He asks us to remand to the trial court to confirm that Purchaser is solely responsible for the mortgage, both *in rem* and *in personam*. Notably, Debtor did not seek this declaration in his Motion.

Purchaser responds that the sheriff's sale was valid, and Debtor's challenges to the adequacy of the price are unavailing, if not waived. Acknowledging it took the Property subject to the mortgage, Purchaser emphasizes its liability is limited to an *in rem* proceeding by the Bank to enforce its mortgage.

Before considering the merit of these arguments, we examine our jurisdiction. In addition to timeliness, we scrutinize the authority of the trial court to issue the orders in question.[2]

---

[2] Of note, Debtor identified three orders (the Clarification Orders and the Merits Order) as the "Orders in Question" in his brief. See Appellant's Br. at 2.

5

## A. Jurisdiction

Notwithstanding that neither Debtor nor Purchaser questioned the appealability of the Clarification Orders, because jurisdiction is a prerequisite to considering the merits, it "may be raised by the court *sua sponte* if necessary." LeFlar v. Gulf Creek Indus. Park No. 2, 515 A.2d 875, 879 (Pa. 1986). Indeed, subject matter jurisdiction is so fundamental that "such jurisdiction cannot be obtained by consent of the parties, or by waiver or estoppel." In re Borough of Valley-Hi, 420 A.2d 15, 17 (Pa. Cmwlth. 1980). Thus, "we are not only permitted, but required to determine if the trial court's order is appealable." Brophy v. Phila. Gas Works & Phila. Facilities Mgmt. Corp., 921 A.2d 80, 86 (Pa. Cmwlth. 2007).

In the matter before us, Debtor appealed only the Second Clarification within the 30-day appeal period mandated by Pa. R.A.P. 903(a). Although this appeal is timely as to the Second Clarification, the trial court's jurisdiction to issue that order six months after the Merits Order is questionable.

During argument, Debtor's counsel took the position that the Merits Order was incorporated into the later Clarification Orders such that it is properly before this Court on that basis. Debtor had no response to this Court's inquiries regarding the source of the trial court's authority to issue the Clarification Orders. The Judicial Code aids our resolution of this question.

Pursuant to Section 5505 of the Judicial Code, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry ... if no appeal from such order has

6

been taken or allowed." 42 Pa. C.S. §5505. During this 30-day period, the trial court has broad discretion to act, and may reexamine its order. Arches Condo. Ass'n v. Robinson, 131 A.3d 122, 128-29 (Pa. Cmwlth. 2015).

"Where a trial court desires additional time to reexamine its ruling, it must expressly grant reconsideration or vacate its order within 30 days …." Kurowski v. Office of Open Records (Pa. Cmwlth., No. 2289 C.D. 2012, filed December 27, 2013), slip op. at 5 n.7, 2013 WL 6858424, at *2 n.7 (unreported). A trial court retains jurisdiction beyond the 30-day period and tolls the appeal period only by issuing an order expressly granting a motion for reconsideration. Oak Tree Condo. Ass'n v. Greene, 133 A.3d 113 (Pa. Cmwlth. 2016). Other than through an express grant of reconsideration, a trial court may not extend its jurisdiction beyond this 30-day period by issuing a subsequent order and thereby create a new time period for appeal. Eachus v. Chester Cty. Tax Claim Bureau, 612 A.2d 586 (Pa. Cmwlth. 1992).

Relevant here, "[a]fter the 30[-]day time period, the trial court is divested of jurisdiction." Ness v. York Twp. Bd. of Comm'rs, 123 A.3d 1166, 1169 (Pa. Cmwlth. 2015); see City of Philadelphia v. Frempong (Pa. Cmwlth., No. 959 C.D. 2016, filed September 19, 2018) (unreported) (quashing appeal when trial court lacked jurisdiction to issue orders appealed). The trial court may then intervene to alter an order in cases of fraud or another circumstance that is "so grave or compelling as to constitute extraordinary cause justifying [its] intervention."[3] Board of Sup'rs v. Quarture, 603 A.2d 295, 298 (Pa. Cmwlth. 1992) (emphasis added).

---

[3] Qualifying circumstances customarily entail an oversight or act by the court, or failure of the judicial process that denies the losing party knowledge of the final order and commencement of the appeal period. DeMarco v. Borough of E. McKeesport, 556 A.2d 977 (Pa. Cmwlth. 1989); Mfrs. & Traders Trust Co. v. Greenville Gastroenterology, SC, 108 A.3d 913 (Pa. Super. 2015).

Here, the trial court issued the Clarification Orders well beyond the 30-day period. The trial court issued the Second Clarification, which is the only order timely appealed, almost six months after its jurisdiction ceased. The trial court issued the First Clarification almost four months after issuing the Merits Order. Thus, absent extraordinary circumstances, or an extension of its jurisdiction by a motion for reconsideration, the trial court lacked authority to issue both Clarification Orders.

The Merits Order was clear and enforceable on its terms. Cf. Retenauer v. Flaherty, 642 A.2d 587 (Pa. Cmwlth. 1994) (permitting trial court's correction of order beyond 30 days because without clarification allocating damages amongst defendants, the parties lacked sufficient information to appeal the order). As an order denying a petition to set aside a sheriff's sale, the Merits Order was final and appealable under Pa. R.A.P. 341. See Nationstar Mortg., LLC v. Lark, 73 A.3d 1265 (Pa. Super. 2013). By operation of law, Purchaser took the Property subject to the existing priority mortgage, which remained a lien against its title. Nat'l Penn Bank v. Shaffer, 672 A.2d 326 (Pa. Super. 1996). A purchaser at a sheriff's sale does not assume the personal liability on a mortgage note.

In our view, Debtor did not request modification of the Merits Order. Nor did Debtor request clarification of any of the language in the Merits Order. Rather, and significantly, Debtor asked the trial court to explain consequences of a sheriff sale, specifically, the legal effect of the sheriff's sale on the mortgage debt. The mortgage was not the subject of the trial court's Merits Order. The Merits Order pertained to the sheriff's sale and the transfer of title to the Property.

Here, the Clarification Orders did not clarify any of the language of the Merits Order to render the matter appealable. The Merits Order was sufficiently clear to enable Debtor to appeal it without any clarification. Debtor cited no deficiency in the Merits Order that precluded an appeal without clarification, and we discern none. The rights Purchaser obtained to the Property did not change by virtue of the Clarification Orders. Therefore, it was incumbent upon Debtor to appeal the Merits Order within 30 days of its issuance.

Further, we do not construe the petition for clarification as a motion for reconsideration. Although the trial court acted within 30 days when it issued an order scheduling a hearing on Debtor's clarification petition, it did not expressly grant reconsideration or vacate the Merits Order. Thus, the trial court did not extend its jurisdiction beyond the 30-day appeal period, or toll the period to appeal. Greene; King v. Riverwatch Condo. Owners Ass'n, 27 A.3d 276 (Pa. Cmwlth. 2011), appeal denied, 50 A.3d 693 (Pa. 2012); see Pa. R.A.P. 1701(b)(3).

That the trial court scheduled argument on Debtor's petition for clarification for a date more than a month after issuing the Merits Order does not affect our analysis. The trial court lacked authority to extend its own jurisdiction in that manner, and could not by entering new clarifying orders, extend the appeal period. Eachus; see Frempong; see also In re Greist, 636 A.2d 193 (Pa. Super. 1994) (issuance of rule to show cause setting forth briefing schedule and hearing date did not toll time period in which to appeal).

We discern no deficiency in the Merits Order warranting the trial court's intervention beyond the 30-day period. The record reveals no extraordinary circumstances permitting the trial court's exercise of jurisdiction beyond the 30-day period, and the parties identified none. Absent a necessity for correction or extraordinary circumstances not present here, there is no justification for issuing the Clarification Orders. In sum, the trial court lacked authority to issue the Clarification Orders. Accordingly, the Second Clarification is a nullity, leaving this Court without an appealable order. Frempong. Therefore, we quash the appeal. Eachus.

### B. Merits

Because we lack subject matter jurisdiction over the appeal, we do not consider the validity of the sheriff's sale.

### III. Conclusion

For the foregoing reasons, we quash the appeal.

---

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Falls Community Association, Inc. :
                 :
            v.              :    No. 1884 C.D. 2017
                 :
Jorge Coelho,               :
              Appellant     :

## **O R D E R**

       **AND NOW**, this 11th day of October, 2018, Appellant Jorge Coelho's appeal of the Court of Common Pleas of Pike County's order dated August 11, 2017, is **QUASHED**.


                           _____
                           ROBERT SIMPSON, Judge