IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Petition for Objections and Exceptions to Upset Sale | : | CASES CONSOLIDATED |
| | : | |
| | : | No. 650 C.D. 2020 |
| In Re: Objections and Exceptions to Upset Sale | : | |
| | : | |
| | : | |
| Appeal of: Milagros Abreu | : | |
| | | |
| In Re: Objection and Exceptions to Upset Sale | : | |
| | : | No. 1356 C.D. 2020 |
| | : | Submitted: July 14, 2023 |
| Appeal of: Milagros Abreu | : | |


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY SENIOR JUDGE LEAVITT                          FILED: September 28, 2023


Milagros Abreu (Owner) appeals an order entered by the Court of Common Pleas of Lehigh County (trial court), which overruled Owner's objections to the upset tax sale of the property located at 742 North 9th Street, Allentown (Property), by the Lehigh County Tax Claim Bureau (Tax Claim Bureau).[1] Owner challenges, *inter alia*, the trial court's grant of intervention to Yosaf Saleb, the successful bidder on the Property. Upon review, we vacate the trial court's order granting intervention and remand the matter for proceedings consistent with this opinion.

---

[1] The matters were consolidated by order of the Court dated April 8, 2021.

## Background

The Property was sold at an upset sale on September 20, 2017. On November 20, 2017, the Tax Claim Bureau filed a consolidated return, and the trial court confirmed the sale *nisi*. On December 19, 2017, Owner filed objections and exceptions to set aside the upset sale, asserting that the sale did not strictly comply with the notice requirement set forth in Section 607.1(a) of the Real Estate Tax Sale Law (Tax Sale Law),[2] added by the Act of July 3, 1986, P.L. 351, 72 P.S. §5860.607a. Owner's petition was docketed at No. 2017-TX-0060 (2017 Docket). On February 12, 2018, Owner filed another set of objections and exceptions to the confirmation *nisi* of the consolidated return that was docketed at No. 2018-TX-0002 (2018 Docket).

On March 2, 2018, Owner and counsel for the Tax Claim Bureau appeared before the trial court and agreed to set aside the upset sale of the Property. That day, the trial court issued orders setting aside the upset sale in both the 2017 and 2018 Dockets. At a separate docket No. 2017-TX-0055, the trial court issued an order granting the Tax Claim Bureau's petition for confirmation of distribution of sale proceeds of multiple parcels sold at the September 20, 2017, upset tax sale. This order stated that with regard to the parcels where there were objections filed, no distribution was to be made of the proceeds of the sales until the objections had been fully adjudicated. The order specifically listed the Property and the objections placed on the 2017 Docket but did not list the objections pending on the 2018 Docket. *See* Original Record (O.R.), 2017 Docket, Item 4, Exhibit C.

---

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101–5860.803.

On March 12, 2018, at the 2017 Docket, Yosaf Saleb (Successful Bidder) filed an emergency motion to intervene and to vacate the March 2, 2018, order setting aside the September 20, 2017, upset sale. Successful Bidder argued that he had a vested interest in the Property and, therefore, the right to intervene. He also argued that Owner failed to comply with the Pennsylvania Rules of Civil Procedure and the local court rules by not serving him with her petitions to set aside. Successful Bidder contended that the trial court's order issued on March 2, 2018, deprived him of the "right to be heard[.]" O.R., 2017 Docket, Item 4, at 4, ¶12.

By order dated March 26, 2018, the trial court granted Successful Bidder's emergency motion; vacated the March 2, 2018, order; and scheduled a hearing for May 9, 2018, on Owner's objections and exceptions to the upset sale.

As of March 26, 2018, several orders had been issued. At the 2017 Docket, the order setting aside the upset sale was vacated and a hearing was scheduled on Owner's objections and exceptions. At the 2018 Docket, however, the order setting aside the upset sale remained in effect.

On May 4, 2018, Owner filed a praecipe to discontinue the petition to set aside filed at the 2017 Docket. On June 22, 2018, the trial court *sua sponte* issued an order consolidating the 2017 and 2018 Dockets. On June 26, 2018, the trial court issued a rule to show cause why it should not vacate its March 2, 2018, order setting aside the upset sale at the 2018 Docket and strike the praecipe for voluntary discontinuance placed on the 2017 Docket. The rule was returnable on July 5, 2018. On July 17, 2018, the trial court issued an order that (1) vacated the order of March 2, 2018; (2) struck Owner's praecipe for voluntary discontinuance and withdrawal of objections filed at the 2017 Docket; and (3) added Successful Bidder to the caption as an intervenor in this consolidated matter. The trial court issued a rule to

3

show cause why the upset tax sale should not be set aside, directed Successful Bidder and the Tax Claim Bureau to file an answer to Owner's objections and exceptions filed at the 2017 and 2018 Dockets, and scheduled a hearing for August 30, 2018. O.R., 2017 Docket, Item 23; O.R., 2018 Docket, Item 9.

In the accompanying memorandum opinion, the trial court acknowledged that it issued the July 17, 2018, order more than 30 days after it issued its final order of March 2, 2018. The trial court explained that it had cause to do so because "had the objections been properly consolidated instead of separately docketed, both Orders would have been vacated by the March 26, 2018 Order of Court at [the 2017 Docket] and the inherently contradictory orders cannot stand." Trial Court Op., 7/17/2018, at 4; Supplemental Reproduced Record at 5b (S.R.R. __) (emphasis in original). The trial court further noted that Owner should not be unjustly benefitted, to the detriment of Successful Bidder, by "a series of mistakes, errors, and unwritten policies of Lehigh County governing the docketing of objections and exceptions to Upset Tax Sales. A determination on the merits of [Owner's] objections and exceptions is the more equitable resolution of this matter." Trial Court Op., 7/17/2018, at 5; S.R.R. 6b.

With respect to its decision to strike Owner's praecipe for voluntary discontinuance filed at the 2017 Docket, the trial court explained that Pennsylvania Rule of Civil Procedure 229(c)[3] permits the court to enter an order to prevent "unjust disadvantage" to a party especially where, as here, the purpose of discontinuance of

---

[3] Rule 229(c) provides:

> The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

PA.R.CIV.P. 229(c).

4

the case was to "forum shop."  Trial Court Op., 7/17/2018, at 5-6 (citing *Pohl v. NGK Metals Corporation*, 936 A.2d 43, 47 (Pa. Super. 2007), and *Brown v. T.W. Phillips Gas & Oil Co.*, 74 A.2d 105, 107 (Pa. 1950)); S.R.R. 6b-7b.  The trial court opined that Successful Bidder "was entitled to defend against the request of [Owner] to set aside the tax upset sale," and "[b]y virtue of the inconsistent orders entered at the erroneously unconsolidated docket numbers," Successful Bidder "was denied this opportunity once [Owner] discontinued her action at [the 2017 Docket]."  Trial Court Op., 7/17/2018, at 6; S.R.R. 7b.

Owner appealed the trial court's July 17, 2018, order to this Court.  In *In Re: "Petition for Objections and Exceptions to Upset Sale" (Appeal of: Milagros Abreu)* (Pa. Cmwlth., No. 1170 C.D. 2018, filed December 19, 2018), *petition for allowance of appeal denied*, 217 A.3d 186 (Pa. 2019), we quashed Owner's appeal for the stated reason that the July 17, 2018, order was interlocutory and not appealable.

On May 29, 2020, the trial court entered an order that overruled Owner's objections and exceptions and upheld the upset sale of the Property.  Owner appealed.

## Appeal

On appeal,[4] Owner raises three issues for our consideration.  First, Owner argues that the trial court lacked jurisdiction to enter the order of July 17, 2018, at the 2018 Docket vacating the March 2, 2018, order that set aside the upset sale of the Property.  Second, Owner argues that the trial court lacked jurisdiction to take further action at the 2017 Docket after the praecipe for discontinuance ended

---

[4] "In tax sale cases, our scope of review determines whether the trial court abused its discretion, rendered a decision with lack of supporting evidence[,] or clearly erred as a matter of law." *Chester County Tax Claim Bureau v. Griffith*, 536 A.2d 503, 504 (Pa. Cmwlth. 1988).

5

this case.  Third, Owner argues that the trial court erred in granting Successful Bidder's emergency motion to intervene at the 2017 Docket absent a finding of extraordinary circumstances.  We address the issues *seriatim*.

### I. Trial Court's Jurisdiction at the 2018 Docket

We first consider whether the trial court had jurisdiction to issue its order of July 17, 2018, which vacated the order of March 2, 2018, setting aside the upset sale at the 2018 Docket.  Owner argues that under the Judicial Code,[5] courts have no jurisdiction to alter a final order after expiration of the 30-day statutory period.  Thus, Owner argues, the trial court lacked jurisdiction to enter another order after April 2, 2018.

We begin with a review of the Judicial Code.  Section 5505 provides as follows:

> *Except as otherwise provided or prescribed by law*, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa. C.S. §5505 (emphasis added).

A court order may be modified after 30 days in limited circumstances.  Where the error is evident on the face of the order or there has been a breakdown in the administration of the court, the court may amend its order beyond the 30-day appeal period.  *Board of Supervisors of Chartiers Township v. Quarture*, 603 A.2d 295, 298 (Pa. Cmwlth. 1992) (*Quarture*).  This discretionary power is, however, limited.  We have explained:

> Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, *unless*

---

[5] 42 Pa. C.S. §§101-9914.

*there has been fraud or some other circumstances "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court*." Such circumstances have customarily entailed an oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period.

*Id*. at 298-99 (quoting *Axsom v. Department of Transportation, Bureau of Driver Licensing*, 598 A.2d 616, 619 (Pa. Cmwlth. 1991)) (internal quotations omitted) (emphasis added).

In *Commonwealth v. Cole*, 263 A.2d 339 (Pa. 1970), the common pleas court issued an order granting the defendant's motion for a new trial *and* arrest of judgment. Three and one half months later, the court entered an order modifying the original order to read: "[M]otion for new trial is granted; motion in arrest of judgment [sic] is dismissed." *Id*. at 340. On appeal, our Supreme Court held that the common pleas court had the power to amend the original order because it was simply correcting a mistake that was plain from the face of the order. The grant of a new trial and arrest of judgment were "clearly antagonistic." *Id*. at 341. "[I]f the motion in arrest of judgment was proper, [the defendant] could not be tried again whereas, if the new trial was proper, the motion would have to fail." *Id*.

By contrast, in *Quarture*, 603 A.2d 295, the common pleas court entered an order directing the township board of supervisors to issue a strip mining permit subject to certain conditions set forth in a letter by the applicants' counsel. Months later, the common pleas court, upon petition, entered an order clarifying its prior order because of an error in counsel's letter. This Court held that the common pleas court lacked jurisdiction to issue the second order because the error in the letter was not of the type which would permit the court to modify its order beyond the 30-day period in Section 5505 of the Judicial Code.

7

Here, on March 26, 2018, the trial court granted Successful Bidder's emergency motion to intervene and vacated the March 2, 2018, order that set aside the upset sale at the 2017 Docket but left alone another order at the 2018 Docket that also set aside the upset sale. The trial court explained that it "inadvertently created two different and conflicting resolutions of the same dispute." Trial Court Op., 7/17/2018, at 3-4; S.R.R. 4b-5b. The March 26, 2018, order at the 2017 Docket and the March 2, 2018, order at the 2018 Docket thus were "clearly antagonistic." *Cole*, 263 A.2d at 341. By consolidating the 2017 and 2018 Dockets and vacating its March 2, 2018, order at the 2018 Docket on July 17, 2018, the trial court simply corrected "an oversight or act by the court," which is the type of error correction permitted beyond the 30-day period in Section 5505 of the Judicial Code. *Quarture*, 603 A.2d at 298 (quoting *Axsom*, 598 A.2d at 619).

We hold that the trial court had jurisdiction to issue the July 17, 2018, order at the 2018 Docket.

## II. Trial Court's Jurisdiction at the 2017 Docket

Owner argues, next, that the trial court lacked jurisdiction to strike her praecipe for discontinuance and withdrawal of objections and exceptions at the 2017 Docket because the praecipe had ended this matter. Owner contends that the trial court erred in relying on PA.R.CIV.P. 229 because the Pennsylvania Rules of Civil Procedure do not apply to statutory proceedings brought under the Tax Sale Law.

At the 2017 Docket, the trial court granted Successful Bidder's emergency motion to intervene; vacated the March 2, 2018, order that set aside the upset sale of the Property; and scheduled a hearing for May 9, 2018, on Owner's objections and exceptions. On May 4, 2018, Owner filed the praecipe for discontinuance and withdrawal of objections and exceptions at the 2017 Docket.

8

However, as the trial court explained, Owner still sought to set aside the upset sale. In discontinuing the case at the 2017 Docket, Owner chose to rely on the 2018 Docket where, due to the oversight by the trial court, an order setting aside the upset sale remained in effect. Successful Bidder was unaware of the 2018 Docket and, thus, did not file a motion to intervene at the 2018 Docket. On July 17, 2018, the trial court corrected its error by issuing an order to consolidate the two dockets and vacate the March 2, 2018, order at the 2018 Docket. In the same order, the trial court struck Owner's praecipe for discontinuance and explained that discontinuance was improper where it is apparent that the purpose of discontinuance of the case was to prevent Successful Bidder from defending the upset sale. Trial Court Op., 7/17/2018, at 5-6; S.R.R. 6b-7b. The trial court did so in reliance upon PA.R.CIV.P. 229.

Although the Pennsylvania Rules of Civil Procedure do not apply to statutory proceedings brought under the Tax Sale Law, Owner has overlooked the precept that courts have discretion to conduct a statutory proceeding as appropriate to move the case to a conclusion in a methodical fashion. *See In re Tax Sale Held September 10, 2003 by Tax Claim Bureau of County of Lackawanna*, 859 A.2d 15, 18 n.9 (Pa. Cmwlth. 2004) (*Sposito*) (trial court has discretion to use the Pennsylvania Rules of Civil Procedure where appropriate). Section 607(d) of the Tax Sale Law directs that "[i]n case any objections or exceptions are filed they shall be disposed of according to the practice of the court." 72 P.S. §5860.607(d).

Pennsylvania Rule of Civil Procedure 229(c) provides that courts, "upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." PA.R.CIV.P. 229(c). "A discontinuance in strict law must

9

be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance." *Fancsali ex rel. Fancsali v. University Health Center of Pittsburgh*, 761 A.2d 1159, 1161 (Pa. 2000) (quoting *Consolidated National Bank v. McManus*, 66 A. 250 (Pa. 1907)). However, the discontinuance can be stricken in certain cases:

> The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some *unjust disadvantage to the defendant or some other interested party*[.]

*Fancsali*, 761 A.2d at 1162 (quoting *Consolidated National Bank*, 66 A. at 250) (emphasis added).

Here, the trial court did just that. It corrected the mistaken entry of two contradictory orders entered at the 2017 and 2018 Dockets by consolidating the two dockets and vacating the March 2, 2018, order that had set aside the upset sale at the 2018 Docket. Because Owner sought to set aside the upset sale, the July 17, 2018, order also struck off her praecipe for discontinuance at the 2017 Docket so that the trial court could determine the merits of her objections to the upset sale. Should the trial court have vacated the March 2, 2018, order at the 2018 Docket without striking her praecipe or discontinuance at the 2017 Docket, Owner's objections to the upset sale could not be heard.

We conclude that the trial court had jurisdiction to strike Owner's praecipe for discontinuance and withdrawal of objections and exceptions at the 2017 Docket.

**III. Successful Bidder's Emergency Motion to Intervene**

Owner argues that the trial court erred in granting Successful Bidder's emergency motion to intervene at the 2017 Docket because it was filed after the

10

entry of the final order and, thus, untimely. Owner contends that she was not required to serve Successful Bidder with the petition to set aside. In any case, Successful Bidder had actual knowledge of Owner's challenge to the upset sale but chose not to take action until the trial court entered its final order on March 2, 2018. In support, Owner cites the transcript of the court hearing where counsel for Owner and the Tax Claim Bureau both stated that Successful Bidder knew of Owner's challenge to the upset sale of the Property. Reproduced Record at 11a-12a. Owner contends that the trial court erred because it did not find there were extraordinary circumstances that justified Successful Bidder's untimely intervention petition, which is required for such a petition.

Successful Bidder responds that extraordinary circumstances did exist because Owner did not notify him of either set of objections and exceptions. He also contends that the record is devoid of any evidence that he was aware of Owner's challenges to the upset sale before March 2, 2018. Owner contends that *M.J.M. Financial Services, Inc. v. Burgess by Dignazio*, 533 A.2d 1092 (Pa. Cmwlth. 1981) (*M.J.M. Financial Services)*, has established that a successful bidder's lack of notice constitutes extraordinary circumstances to justify an untimely petition to open judgment and intervene.

We begin with a review of the applicable notice requirements. Section 602 of the Tax Sale Law requires the tax claim bureau to provide three separate types of notice in advance of an upset tax sale: (1) publication at least 30 days prior to the sale; (2) direct notification to each owner by certified mail at least 30 days prior to the sale; and (3) posting of the property at least 10 days prior to the sale. 72 P.S. §5860.602. If the property listed for upset sale is occupied by the owner, Section

11

601(a)(3) of the Tax Sale Law also requires the tax claim bureau to effect personal service on the owner by a sheriff. 72 P.S. §5860.601(a)(3).

After a tax sale, the tax claim bureau must give the *owner* notice of the tax sale of the owner's property and of the opportunity to challenge that sale. Section 607(a.1)(1) of the Tax Sale Law, 72 P.S. §5860.607(a.1)(1).[6] The Tax Sale Law does not require the tax claim bureau to copy the successful bidder on the notice sent to each owner pursuant to Section 607(a.1)(1). Likewise, under Section 607(d) of the Tax Sale Law, an owner or lien creditor may file objections to challenge the "regularity or legality of the proceedings" of the tax claim bureau, which is the only respondent that must be named in the owner's petition. 72 P.S. §5860.607(d).[7]

In *Sposito*, 859 A.2d at 18, this Court rejected the claim that the tax claim bureau has the duty to give the successful bidder notice of an owner's objections to a sale, or the responsibility to "file a petition to add [the successful

---

[6] It provides:

> *Notice shall be given* by the bureau within thirty (30) days of the actual sale *to each owner* by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner at his last known post office address as determined in section 602(e)(2) that the property was sold and that the owner may file objections or exceptions with the court relating to the regularity and procedures followed during the sale no later than thirty (30) days after the court has made a confirmation nisi of the consolidated return.

72 P.S. §5860.607(a.1)(1) (emphasis added).

[7] It states:

> *Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale*, but may not raise the legality of the taxes on which the sale was held, of the return by the tax collector to the bureau or of the claim entered. In case any objections or exceptions are filed they shall be disposed of according to the practice of the court. If the same are overruled or set aside, a decree of absolute confirmation shall be entered by the court.

72 P.S. §5860.607(d) (emphasis added).

12

bidder] as an additional party[.]" *Id.* (citation omitted). To the contrary, the Tax Sale Law "does not make successful bidders, whose purchases have not been confirmed, parties to objection proceedings as a matter of course." *Id.*

Likewise, it is not the responsibility of the owner who files objections under Section 607 of the Tax Sale Law to name the successful bidder as a party or serve him with a copy of the owner's objection petition. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 722-23 (Pa. Cmwlth. 2007) (*Clinton County*). Rather, "successful bidders must petition to intervene in order to be considered parties in an objection proceeding challenging a confirmation *nisi*." *Id.* at 723. It is the successful bidder's responsibility, after purchasing the property at the tax sale, to check the court docket or touch base with the tax claim bureau periodically should the successful bidder desire to participate in the owner's objection petition. *In Re Lehigh County Tax Claim Bureau Upset Sale of September 19, 2018*, 263 A.3d 714, 722 (Pa. Cmwlth. 2021) (*Tchorzewski*).

Pennsylvania Rule of Civil Procedure 2329(3) permits a court to deny intervention where "the petitioner has unduly delayed in making application for intervention . . . ." PA.R.CIV.P. 2329(3).[8] The grant or denial of intervention is a matter committed to the trial court's discretion and will not be set aside on appeal

---

[8] It states:

> Upon the filing of the petition *and after hearing*, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; *but an application for intervention may be refused, if*
>
> * * * *
>
> (3) *the petitioner has unduly delayed in making application for intervention* or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

PA.R.CIV.P. 2329(3) (emphasis added).

unless there has been an abuse of such discretion. *Jackson v. Hendrick*, 446 A.2d 226, 228-29 (Pa. 1982). Our Supreme Court has further directed that a petition to intervene filed after entry of a final order should be denied except in extraordinary circumstances. *Id*. at 229.

An extraordinary circumstance refers to "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Pendle Hill v. Zoning Hearing Board of Nether Providence Township*, 134 A.3d 1187, 1202 (Pa. Cmwlth. 2016) (quoting *Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 919 (Pa. Super. 2015)). "[T]he extraordinary circumstances to be reviewed cannot pertain to the merits or the substantive defense the intervenor seeks to litigate. Rather, it is the circumstances proffered to excuse the untimely filing that must be scrutinized." *Pendle Hill*, 134 A.3d at 1197 (internal citation omitted).

Successful Bidder relies upon *M.J.M. Financial Services*, 533 A.2d 1092. There, the tax claim bureau conducted a tax sale of property titled to an owner who had been declared incompetent and subject to a guardianship. The tax claim bureau conceded that it knew of the guardian's appointment but mistakenly sent the statutory notices to the incompetent owner. After the trial court set aside the tax sale, the successful bidder petitioned to intervene and to open the judgment. The trial court denied the petition for the stated reason that the successful bidder lacked standing. This Court reversed, holding that the successful bidder had standing. We further found as follows:

> [The successful bidder] has alleged that it was unaware of the petition to set aside the sale until two days after the order itself setting aside the sale was entered and was not aware of the order until October 8. A motion to intervene after entry of a decree

14

> should be denied except in extraordinary circumstances. *Jackson*[, 446 A.2d 226]. We hold that such extraordinary circumstances are present here, and hence that intervention should have been permitted.

*Id.*

In *M.J.M. Financial Services*, this Court assumed that a successful bidder is entitled to direct notice of an owner's petition to set aside, but this is not the current law. Neither the tax claim bureau nor the owner of property sold at a tax sale is required to notify the successful bidder of a petition to set aside. *See Sposito*, 859 A.2d 15; *Clinton County*, 915 A.2d 719. *M.J.M. Financial Services* offered no explanation for its holding beyond the successful bidder's lack of notice. It does not, therefore, support Successful Bidder's argument that Owner's failure to notify him of the petition to set aside constitutes the extraordinary circumstances required for an intervention petition that is filed after the entry of a final order.

Successful Bidder argues that Owner's failure to serve him with a copy of the objections deprived him of notice. However, it was not Owner's responsibility under Section 607 of the Tax Sale Law to name Successful Bidder as a party or serve him with a copy of the objection. *Clinton County*, 915 A.2d at 722-23. Rather, it was Successful Bidder's responsibility to check the court docket or touch base with the Tax Claim Bureau if he desired to participate in Owner's objection petition. *Tchorzewski*, 263 A.3d at 722. Successful Bidder also argues that because Owner failed to file a rule to show cause along with its petition to set aside, the trial court did not schedule a hearing. The absence of a hearing also impeded Successful Bidder's learning of the pending litigation. Owner responds that Successful Bidder had actual knowledge of the objections to the upset sale because counsel for Owner and the Tax Claim Bureau had contacted Successful Bidder and his daughter about this matter.

15

In most situations, the court must hold a hearing in order to determine whether to grant intervention. PA.R.CIV.P. 2329. Here, the trial court did not hold a hearing on the petition to intervene or make any finding on whether Successful Bidder's untimely petition was due to "extraordinary circumstances." *Jackson*, 446 A.2d at 226 (quotation omitted). This was error.

We hold that the trial court erred and abused its discretion in granting Successful Bidder's intervention petition without any consideration of its untimeliness. We therefore vacate the trial court's decision and remand for a determination of whether Successful Bidder's petition has alleged facts, other than lack of notice given by Owner, to show extraordinary circumstances. If so, then the trial court must hold a hearing on whether Successful Bidder can prove the extraordinary circumstances necessary to allow his untimely petition.

## IV. Conclusion

We hold that the trial court had jurisdiction to issue the July 17, 2018, order consolidating the 2017 and 2018 Dockets and vacating its March 2, 2018, order at the 2018 Docket. In doing so, the trial court corrected "an oversight by the court," which is the type of error correction permitted after the 30-day period in Section 5505 of the Judicial Code. *Quarture*, 603 A.2d at 298-99. We also hold that the trial court had jurisdiction to strike Owner's praecipe for discontinuance and withdrawal of objections and exceptions at the 2017 Docket. However, in granting Successful Bidder's emergency motion to intervene, the trial court erred because it did not address whether extraordinary cause existed for this untimely intervention petition. Because PA.R.CIV.P. 2329 anticipates a hearing, and none was held, the trial court shall conduct a hearing on remand if it concludes that Successful Bidder's intervention petition has alleged facts to show extraordinary circumstances. If the

16

trial court determines that Successful Bidder lacked extraordinary cause for seeking untimely intervention, it shall issue a new decision reinstating the March 2, 2018, order setting aside the upset sale of the Property.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Petition for Objections and Exceptions to Upset Sale | : : : | No. 650 C.D. 2020 |
| In Re: Objections and Exceptions to Upset Sale | : : : | |
| Appeal of: Milagros Abreu | : | |
| In Re: Objection and Exceptions to Upset Sale | : : | No. 1356 C.D. 2020 |
| Appeal of: Milagros Abreu | : : | |

## **O R D E R**

AND NOW, this 28th day of September, 2023, the order of the Court of Common Pleas of Lehigh County, dated May 29, 2020, is VACATED, and this matter is REMANDED for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita